Brown et al., Appellees, *v.* City of Dayton et al., Appellants.

[Cite as *Brown v. Dayton* (2000), 89 Ohio St.3d 245.]

(No. 99–164—Submitted November 17, 1999—Decided July 12, 2000.)

*Charles A. Smiley, Jr.*, for appellees.

*Freund, Freeze & Arnold, Neil F. Freund* and *Shawn M. Blatt,* for appellant city of Dayton.

*Vorys, Sater, Seymour & Pease, John Winship Read, Marcel C. Duhamel* and *Gail C. Ford,* for appellant Waste Management of Ohio, Inc.

*Barry M. Byron, Stephen L. Byron* and *John Gotherman,* urging reversal for *amicus curiae,* Ohio Municipal League.

---

**PFEIFER, J**.  We find that that the doctrine of *res judicata* applies to this case, and accordingly reverse the court of appeals.

At the outset, we must determine whether there is an identity of parties in the two actions.  *Res judicata* operates as " 'a complete bar to any subsequent action on the same claim or cause of action *between the parties or those in privity with them.' "* (Emphasis added.)  *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees* (1982), 69 Ohio St.2d 241, 243, 23 O.O.3d 243, 245, 431 N.E.2d 672, 674, quoting *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, paragraph one of the syllabus.  The plaintiffs in these consolidated cases are Rev. William J. Brown, Rev. Richard L. Righter, Jacqueline J. Patterson, James L. Sweeney, and Leonard L. Howie.  Sweeney was a plaintiff in the *Wall* case,

and Howie testified as a witness for the plaintiffs in that case. The privity between Brown, Righter, and Patterson and the *Wall* plaintiffs is at issue.

What constitutes privity in the context of *res judicata* is somewhat amorphous. A contractual or beneficiary relationship is not required:

"In certain situations * * * a broader definition of 'privity' is warranted. As a general matter, privity 'is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the *res judicata.*' *Bruszewski v. United States* (C.A.3, 1950), 181 F.2d 419, 423 (Goodrich, J., concurring)." *Thompson v. Wing* (1994), 70 Ohio St.3d 176, 184, 637 N.E.2d 917, 923.

We find that a mutuality of interest, including an identity of desired result, creates privity between the plaintiffs in this case and those in *Wall*. In neither case did the plaintiffs seek personally tailored relief to fit their unique circumstance or factual situation. All have sought the general disallowance of the Ordinance, and all for the same reason—an alleged violation of the thirty-day publication rule. Plaintiffs all simply refer to themselves as residents and taxpayers within the city of Dayton. We find that their legal interests are the same and that they are in privity with each other for purposes of *res judicata.* To find otherwise would be to allow the Ordinance to come under constant attack simply by replenishing the ranks of plaintiffs.

In *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, paragraph one of the syllabus, this court held that under the doctrine of *res judicata,* "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action."

Whether the original claim explored all the possible theories of relief is not relevant. "It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit.' (Emphasis added.) * * * The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180, quoting *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387, 1388.

In *Grava,* this court held that *res judicata* " 'applies to extinguish a claim by the plaintiff against the defendant *even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.*' (Emphasis added.)" *Grava,* 73 Ohio St.3d at 383, 653 N.E.2d at 229, quoting 1 Restatement of the Law 2d, Judgments (1982) 209, Section 25.

The *Wall* plaintiffs and the plaintiffs in this action complained of the same alleged defect in the Ordinance, that the setback provision was not on file the full thirty days before the commission hearing. Whereas the first action sought to prevent a vote on the Ordinance, this action seeks to nullify the Ordinance after it has passed. The only difference in the two cases is the remedy sought. The exact same facts are at issue. The court of appeals recognized that the *Wall* court "did rule on the same procedural issue being raised by the appellants in [this case]." Under *Grava*, even though plaintiffs are seeking a different remedy, *res judicata* extinguishes their claim.

The court of appeals rejected appellants' *res judicata* argument not because the facts did not fit the situation, but because the court opined that applying *res judicata* "would result in a manifest injustice." The same court in *Wall* had stated that "we do not reach the issue of whether the Ordinance is invalid and void," since the *Wall* plaintiffs "could not and did not request that the Ordinance be declared invalid before its enactment." The court added in *Wall* that "[a]ny determination of the validity of the Ordinance must wait upon a future day." Thus, in the present case below, the court found that applying *res judicata* under those circumstances "would result in a manifest injustice to appellants because it would shield the trial court's ruling on the procedural validity of the Ordinance from appellate review, thereby denying appellants their right of appeal."

The trial court's decision in *Wall* was announced on April 8, 1992. A vote on the Ordinance was not taken until April 15, 1992. The appellees had their chance at appellate review. Again, the status of the ordinance as "proposed" or "enacted" did not matter as to the factual basis of the appellees' claim. Their only argument was the lack of a complete thirty-day display of amendments to the plan. Whether that fact affected the validity of the Ordinance was the only thing at issue. Appellees should have sought a stay of the trial court's judgment pending their appeal to the appellate court. That way, very simply, the appellate court could have reviewed the trial court's ruling. The fact that the issue was mooted is the fault of appellees alone. Thus, any "injustice" is self-perpetuated and certainly does not rise to the level of nullifying *res judicata*.

Accordingly, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

RESNICK and COOK, JJ., concur in judgment.