OPINION
Plaintiff-Appellant Bob Schul appeals the decision of the trial court granting summary judgment to all defendants-appellees on the basis of res judicata.
This case arises out of Schul's employment as head coach of Wayne High School's track team in Huber Heights. The defendants-appellees include the Huber Heights Board of Education, the Wayne High School principal, the athletic director, the superintendent of the school board (collectively, "the Huber Heights defendants"), and Michael Fernandez, who was the assistant track coach during Schul's employment. Schul had a one-year limited contract with Huber Heights, for the duration of the 1997-98 school year. In May of 1998, he was placed on administrative leave following an allegation that he suggested a team member consume caffeine prior to a track meet to enhance his performance. After being placed on administrative leave, Schul had no further contact with any of the defendants-appellees. His contract was not renewed in June.
In June of 1998, Schul filed suit in federal district court against the Huber Heights defendants alleging violations of his First Amendment rights to free speech and freedom of association, and violations of his Fifth and Fourteenth Amendment substantive and procedural due process rights. The following month, Schul filed the instant suit in common pleas court against the Huber Heights defendants and Fernandez, alleging wrongful termination, breach of contract, defamation, and tortious interference with a business relationship. This last claim was directed specifically toward Fernandez, the only defendant who was not named in the federal suit.
The defendants filed a motion for summary judgment on all of the claims presented in federal court. In January of 2000, the federal district court granted this motion, and judgment was entered for the defendants. As a result of this judgment, all of the defendants in the present suit filed amendments to their already pending motions for summary judgment, alleging res judicata prevented Schul from prevailing on any action arising out of his terminated employment. The trial court agreed and granted summary judgment for all defendants, including Fernandez.
On appeal, Schul raises the following assignment of error:
 The trial court erred and abused its discretion by granting the defendant-appellees' motion for summary judgment on the issue of res judicata.
The doctrine of res judicata was examined by the Supreme Court of Ohio in Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, wherein the court adopted the language of 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25. The court first explained that res judicata encompassed both issue preclusion and claim preclusion. Although not relevant to this case, issue preclusion prevents the relitigation of a fact or a point in a subsequent suit that was already fully litigated in a previous action, regardless of whether the two suits are the same or different. Fort Frye Teachers Ass'n, OEA/NEA v. State Employment Relations Bd. (1998),81 Ohio St.3d 392, 395. In regard to claim preclusion, the Grava court held that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. Further, the court quoted the Restatement explaining that this rule "applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action." (Emphasis added in Grava) Id. at 383. The comment to Section 24 of the Restatement further illustrates this point by stating that regardless of the number of substantive theories a plaintiff may bring, the trend now is to view claims in terms of the facts underlying them. Moreover, it is not relevant if the different legal theories rely on "different shadings of the facts," res judicata bars any claim which arises out of the same transaction or occurrence. Id.
Schul's action in federal court and the present action both arose out of the incidents surrounding the termination of his employment. Although different legal theories were raised in each court, the same underlying facts were required to prove the claims in both courts. Schul's constitutional claims in federal court included 1) placing him on administrative leave due to a statement made to one of his track team members violated his free speech; 2) directing him not to contact team members and banning him from school property while on administrative leave violated his freedom of association; and 3) failing to hold a name-clearing hearing and prohibiting him from completing his contract violated his procedural and substantive due process rights. In the present case, Schul alleged the following against the Huber Heights defendants: 1) placing him on administrative leave, prohibiting him from completing his contract and failing to renew his contract with no hearing constituted wrongful termination and breach of contract; and 2) stating that he suggested to a track team member to consume caffeine prior to a track meet to enhance performance was defamatory. It is important to note that all of the aforementioned claims could have been brought in state court due to the concurrent subject matter jurisdiction, State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92 fn. 2, or federal court under its pendent jurisdiction, Huntington Mtge. Co. v. Shanker (1993),92 Ohio App.3d 144, 154. Because all claims in both courts arise out of a common nucleus of operative facts, res judicata bars the present action as it pertains to all of the Huber Heights defendants-appellees.
Schul's claim against Fernandez, the only defendant-appellee who was not a party to the federal suit, requires a bit more discussion. Schul raised tortious interference with a business relationship against Fernandez, alleging that Fernandez undermined his authority and discipline with the team and encouraged students to complain to the athletic director in order to have him removed as head coach. We note that this claim too, could have been brought in federal court pursuant to its pendent jurisdiction. Shanker, supra.
Although Fernandez was not named in the federal suit, res judicata acts as a bar to any subsequent action based on the same facts and between the same parties "or those in privity with them." (Emphasis sic.) Brown v. Dayton (2000), 89 Ohio St.3d 245, 247. In this regard, the concept of privity has never been clearly defined. The Supreme Court of Ohio has explained privity to signify that the relationship between a party and another is close enough that the other individual is included within res judicata. Id. at 248. More specifically, privity exists when the party and the other individual have mutual interests, including the same desired result. Id. In Deaton v. Burney, this court held that parties associated to the extent they represent the same legal right are considered to be in privity. 107 Ohio App.3d 407, 413. The plaintiffs in Deaton filed suit in federal court naming among others, an employee of the Dayton Human Rehabilitation Center ("DHRC") who was in a position to have stopped the strip searches that formed the basis of both actions. In their subsequent state court suit, they named two employees of DHRC who allegedly performed the strip searches. We held that because the individual named in the federal suit was an employee who was in a position to have stopped the strip searches, and the individuals named in the subsequent state suit were presumably the employees who actually performed the strip searches, the parties were in privity. As a result, the plaintiffs' state suit was barred by res judicata. Id.
Fernandez served as Schul's assistant coach on the track team, and as such, was also employed by the Huber Heights Board of Education at the time these incidents occurred. In his complaint, Schul alleged that Fernandez facilitated his employment termination by encouraging students to complain, and making his own complaints to the athletic director about Schul. Specifically, he contended that Fernandez encouraged the student mentioned in this case to report to the athletic director that Schul had recommended the use of caffeine pills to enhance performance. Further, Schul intimated that Fernandez was resentful about Schul receiving the head coach position instead of him. Interestingly, after Schul was placed on administrative leave, Fernandez was advanced to the position of head coach. The parties named in the federal suit included the Huber Heights Board of Education, the superintendent, the principal and the athletic director. Because Fernandez and these individuals are all employees of the Huber Heights Board of Education and all allegedly were involved in Schul's employment termination, they are in privity. Therefore, res judicata would bar the state claim brought against Fernandez as well.
Based on the foregoing, Schul's sole assignment of error is overruled. Judgment affirmed.
FAIN, J., and GRADY, J., concur.