DECISION AND JUDGMENT ENTRY
Marilyn Waddell appeals the judgment of the Adams County Court of Common Pleas, which granted summary judgment in favor of David Boldman, Thomas Partin, and Kelly McIntosh. Waddell contends that the trial court erred in finding that res judicata applies to bar her claim against Boldman. Because Boldman was in privity with Partin and McIntosh with regard to a prior judgment that determined the rights of the parties with respect to the parcel of land in dispute, we find that the trial court did not err in applying the doctrine of res judicata in this case. Accordingly, we overrule Waddell's assignments of error and affirm the judgment of the trial court.
 I.
Waddell (fka Marilyn Mae Waddell-McIntosh) and McIntosh married in 1995. In March of 1997, they acquired a wooded parcel of land known as the Miller farm. Two months later, Waddell filed for divorce in the Adams County Court of Common Pleas. Waddell later amended her divorce complaint to include Boldman and Partin, alleging that they were necessary parties. Specifically, Waddell alleged that McIntosh entered into a contractual agreement with Partin to sell their timber and real estate. Additionally, Waddell alleged that Boldman, while not a party to the contract between McIntosh and Partin, entered into an employment contract with Partin who, as an agent of "the McIntoshes," hired Boldman to cut the timber.
The divorce litigation became complex and protracted. In February of 1999, the court granted Waddell's motion to voluntarily dismiss Boldman and Partin, without prejudice, from the domestic relations case.
In April of 1999, Waddell and McIntosh reached a settlement agreement, which was verbally described by Waddell's counsel as follows:
 "Defendant promises to hold the Plaintiff harmless from that debt on the Pauline Miller farm, and she will execute a Quit Claim Deed to, to the same. Assuming that he, that she's held free and clear from the debt. Ah, next point is the Plaintiff promises not to bring any litigation against Thomas Parton (sic)
only, and that excludes any other parties. Another point is, each party will keep their own personality which is in his or her possession right now, and with respect to a piece of real property on Randall's Run, that will go to the Defendant, free and clear of any dower interest of the Plaintiff. And, each, each party is responsible for their own debts, if they have any, and hold, they will hold each other harmless from each debt."
In addition, the parties agreed that McIntosh would pay Waddell $8,000 in timber proceeds before Waddell would execute the Quit Claim Deed on the Miller farm. The trial court accepted the agreement as described by Waddell's counsel, and issued a final judgment entry in the divorce case that incorporated the transcript of the oral settlement agreement.
In August of 1999, Waddell filed a complaint against Boldman alleging that while she held an ownership interest in the Miller farm, Boldman cut timber on the farm. Waddell demanded compensatory damages, treble damages, costs, and attorney fees.
Boldman filed an answer alleging that he was working for Partin and McIntosh when he cut the timber. Boldman also filed a counterclaim against Waddell alleging malicious prosecution. Boldman filed a third-party complaint against Partin and McIntosh for indemnification and breach of contract.
Partin filed an answer to Boldman's third-party complaint, and a cross-claim against Waddell alleging malicious interference with a contract. McIntosh filed an answer to Boldman's third-party complaint.
Waddell, Boldman, and Partin all filed motions for summary judgment. The trial court granted Boldman and Partin's motions for summary judgment and denied Waddell's motion for summary judgment, finding that all the issues between the parties were resolved in the domestic relations case and that res judicata applied.
Waddell timely appealed. This court found that the trial court had not yet disposed of all the claims before it, and thus that the trial court's entry did not constitute a final appealable order. After dismissal of the appeal and remand, the trial court dismissed the remaining claims pursuant to the motions of the parties. Waddell now appeals, asserting the following assignments of error:
 "I. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF DAVID BOLDMAN AND THOMAS PARTIN.
 "II. THE TRIAL COURT ERRED WHEN IT DENIED MARILYN WADDELL'S MOTION FOR SUMMARY JUDGMENT."
 II.
Both of Waddell's assignments of error allege that the trial court erred in its determination on the summary judgment motions before it. Accordingly, we review her assignments of error together.
Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 535.
In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One, Portsmouth, N.A. (1992),84 Ohio App.3d 806, 809.
In this case, Waddell does not assert that genuine issues of material fact exist. Rather, Waddell challenges the trial court's determination that res judicata applies to bar her claim against Boldman as a matter of law.
Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, paragraph one of the syllabus. "Res judicata operates as ``a complete bar to any subsequent action on the same claim or cause of action between theparties or those in privity with them.''" (Emphasis in original.) Brownv. Dayton (2000), 89 Ohio St.3d 245, 247, quoting Johnson's Island, Inc.v. Danbury Twp. Bd. of Trustees (1982), 69 Ohio St.2d 241, 243, quotingNorwood v. McDonald (1943), 142 Ohio St. 299, paragraph one of the syllabus.
In this case, Waddell contends that Boldman had no privity with the parties to the divorce proceeding. In support, Waddell cites to the trial court's finding that "David Boldman had no privity of contract with Marilyn Waddell."
While Waddell correctly states the trial court's finding, she misconstrues the meaning of "privity" in the context of res judicata. InBrown, the Supreme Court of Ohio observed:
"What constitutes privity in the context of res judicata is somewhat amorphous. A contractual or beneficiary relationship is not required:
 "`In certain situations * * * a broader definition of "privity" is warranted. As a general matter, privity "is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." Bruszewski v. United States
(C.A.3, 1950), 181 F.2d 419, 423 (Goodrich, J., concurring).' " Brown at 248, quoting Thompson v. Wing (1994), 70 Ohio St.3d 176, 184. The Brown court went on to find that "a mutuality of interest, including an identity of desired result, creates privity" among parties to separate lawsuits. Id.
In this case, Boldman shared a mutuality of interest with McIntosh with regard to the timbering of the Miller farm. The record reveals that Waddell knew, prior to settling her divorce case with McIntosh and agreeing not to sue Partin, that Boldman had cut timber on the Miller farm pursuant to a contractual agreement with Partin, who acted as an agent of McIntosh. Because McIntosh, through Partin, authorized Boldman to timber the Miller farm, Boldman and Partin's indemnification claims will ultimately render McIntosh liable for the timbering. Thus, McIntosh and Boldman share a mutuality of interest. Therefore, for purposes of res judicata, Boldman is in privity with McIntosh.
In the divorce settlement, Waddell received $8,000 from the timbering of the Miller farm, and McIntosh assumed the mortgage on the farm. Thus, the divorce settlement resolved the issues regarding the timbering of the Miller farm. Waddell cannot indirectly further pursue McIntosh through Boldman. Because the timbering issues were determined in the divorce case, they are conclusively settled, and Waddell, McIntosh, and persons in privity with them are bound by that settlement.
We find that the trial court did not err in ruling that Waddell's claim against Boldman is barred by res judicata. Accordingly, in all respects we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, J., and Evans, J., concur in judgment and opinion.