DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant John Etienne appeals the trial court's judgment ordering him to pay $36,322 to his ex-wife, Plaintiff-Appellee Toy G. Etienne. Because we find that the doctrine of res judicata bars Appellee's claims for relief, we reluctantly agree. Accordingly, we reverse the judgment and remand this cause for further proceedings consistent with this opinion.
 I. {¶ 2} This appeal stems from a rather protracted and contentious divorce case. In February 1997, Appellee filed for divorce. In June 2003, the trial court adopted the Magistrate's decision recommending that both parties be granted a divorce and equitably divided the marital property and assets. Neither party appealed this decision.
 {¶ 3} In September 2003, Appellee filed a motion for contempt and, later, a motion for relief from judgment. In her motions, Appellee claimed that Appellant was in contempt of the trial court's order for the division of marital property. Specifically, Appellee argued that Appellant received distributions from partnerships that the trial court awarded to her. Appellant argued that Appellee's claims were barred by the doctrine of res judicata. The issue proceeded to a hearing on May 21, 2004.
 {¶ 4} At the hearing, Appellee produced evidence showing that, in 2003, the trial court awarded her Appellant's interest in two partnerships: (1) CE Partnership; and (2) Pine Grove Partnership. A court-appointed commissioner evaluated those partnerships in 2001 and arrived at the following values: (1) $135,509 for Pine Grove (as of May 18, 2001) and (2) $123, 203 for CE (as of October 1, 2001).
 {¶ 5} After the valuations, but before the trial court's June 2003 order adopting the Magistrate's decision, Appellant took distributions from each partnership, totaling $36,322. On September 7, 2001, Appellant went to the Pine Grove offices and wrote himself a check for $5,000. On October 21, 2001, and November 16, 2001, Appellant received distributions from CE in the amount of $1,200 each. On December 7, 2001, Appellant received another distribution from CE in the amount of $4,922. Then, on February 25, 2002, Appellant received an additional $5,000 distribution from CE. Finally, in February 2003, Appellant received two CE distributions, totaling $19,000.
 {¶ 6} The Magistrate entered her final decision and recommendations on July 3, 2002. Both parties filed objections to this decision. In her objections, Appellee specifically referenced the Magistrate's failure to adjust the valuations for CE and Pine Grove due to Appellant's distributions.[2] The objections also noted that Appellee brought these distributions to the Magistrate's attention. Appellee then supplemented her objections after the transcript was prepared.
 {¶ 7} The trial court overruled both parties' objections and adopted the Magistrate's decision. The trial court, approved this decision and neither party appealed the trial court's final ruling.
 {¶ 8} In the present matter, the trial court denied Appellee's motion for contempt and relief. In its journal entry, the trial court found that Appellant's actions did not violate any order. However, the trial court also found that Appellant's actions detracted from the spirit of the divorce decree, and the trial court enforced the order by awarding Appellee $36,322.
 {¶ 9} Appellant appeals and raises the following assignment of error: "The trial court erred to the prejudice of the appellant in ordering him to pay appellee $36,322."
 II. {¶ 10} In his sole assignment of error, Appellant argues, in part, that the trial court erred in awarding Appellee $36,322 because her claims were barred by the doctrine of res judicata.
 {¶ 11} Pursuant to Civ.R. 75(J), a trial court has continuing jurisdiction in divorce cases to enforce its prior orders. We will not reverse a trial court's judgment to enforce its orders absent an abuse of discretion.
 {¶ 12} According to the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, paragraph one of the syllabus. Res judicata acts as "a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." (Emphasis omitted.) Brown v. Dayton (2000), 89 Ohio St.3d 245, 247, quotingJohnson's Island, Inc. v. Danbury Twp. Bd. of Trustees (1982),69 Ohio St.2d 241, 243, quoting Norwood v. McDonald (1943),142 Ohio St. 299, paragraph one of the syllabus.
 {¶ 13} In its journal entry, the trial court rejected Appellant's argument that Appellee's claim was barred by res judicata. The trial court acknowledged that Appellee failed to file a direct appeal, but recognized that Appellant failed to appeal as well. The court also noted that fourteen months elapsed between the final presentation of evidence in the divorce proceeding and the final court ruling. It reasoned that this time period contributed to problems in the case, including Appellant's ability to still maintain control over the two partnerships at issue.
 {¶ 14} We first note that Appellant's failure to file a direct appeal is irrelevant to whether the doctrine of res judicata bars Appellee's current claim for relief. The doctrine is not excepted just because both parties failed to file appeals.
 {¶ 15} We also find the elapsed time period irrelevant. While that time period may have allowed Appellant to retain his interest in the two partnerships at issue during the pendency of the divorce, that fact was known to Appellee. Appellee was also aware that Appellant received distributions from each partnership during that period. In fact, Appellee specifically referenced these distributions in her objections to the Magistrate's decision. By overruling those objections, the trial court implicitly found that the distributions either did not affect the value of the partnerships or that the decreased value was not material to the property settlement. Appellee failed to appeal that ruling and she cannot now circumvent the appellate process by seeking a retroactive enforcement of that order.
 {¶ 16} At the hearing on this matter, allegations were made that the trial court "rubber-stamped" its decision to overrule the objections. If this was true, then it was a basis for direct appeal. The mere possibility that the objections were overruled in an arbitrary manner does not overcome the fact that Appellee failed to properly assert her rights in a timely fashion.
 {¶ 17} Here, Appellee objected to the Magistrate's decision regarding the equitable division of the marital property for the same reasons she now claims damages. The trial court overruled the objections and Appellee failed to file a direct appeal from that decision. Appellee cannot now have the order retroactively revised. Appellant's actions all took place before the final order adopting the Magistrate's decision, and the trial court rejected Appellee's claim to revalue the partnerships due to the distributions. For recourse from this decision, Appellee needed to file a direct appeal. The doctrine of res judicata now bars Appellee from re-litigating these issues, and the trial court erred when it found otherwise.
 {¶ 18} Finally, we acknowledge that the trial court attempted to create a fair resolution by ordering Appellant to pay $36,322. Appellant's actions were patently offensive to the trial court's authority to equitably divide marital property. The record reflects that, while he was taking distributions from the partnerships, Appellant knew that his shares in the partnerships were to be transferred to Appellee as part of the division. At the hearing on this matter, Appellant admitted he took all of the distributions. He argued that he was entitled to the money because the trial court, in his opinion, failed to equitably divide the property. Our ruling should not be construed as approval of Appellant's actions.
 {¶ 19} Accordingly, we reluctantly reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
 Judgment Entry
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment and Opinion.
[2] In the original objections, Appellee actually references another partnership when actually referring to the CE Partnership. However, it is obvious Appellee intended to object to the award regarding the CE Partnership, rather than the mistakenly referenced partnership, because the listed valuation only corresponds with the former.