DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, the City of Akron, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} City of Akron police officers are represented by Appellee, the Fraternal Order of Police, Akron Lodge No. 7 ("the FOP"). Appellant, City of Akron ("the City"), and the FOP are parties to a collective bargaining agreement ("CBA") effective January 12, 2004 to December 31, 2006. *Page 2 
 {¶ 3} Members of the FOP include both current and retired police officers in the City of Akron. These members have primary health insurance through the Ohio Police and Fire Pension Fund ("OP F") and secondary coverage through the City of Akron. The City has always required retirees to enroll in OP F's health plan as a condition of participating in the City's secondary plan. Traditionally, members of the FOP were not required to pay for their health insurance. OP F changed this policy in the early 1990's, when it notified its members that they would have to start paying a premium for health insurance. In 2003, OP F announced a significant increase in its premiums. Shortly thereafter, FOP member and retired officer Rick Grochowski sought health insurance from the City. The City denied Grochowski's request, informing him that they would no longer provide him with secondary health care because OP F was no longer his principal health insurance provider. As a result, in February of 2004, retired police officers and retired firefighters ("the retirees") filed a class action lawsuit("Metcalfe I"), seeking recovery on a common law breach of contract claim. See Metcalfe v. Akron, Summit Cty. No. 2004-02-0717. The retirees filed five claims including a claim for declaratory judgment and a claim for breach of contract. In their declaratory judgment action, the retirees alleged that City of Akron ordinances entitled them to payment of their insurance premiums and that the retirees are not required to enroll in OP F. The retirees also filed a breach of contract claim alleging that the City's failure to pay insurance premiums constituted a "breach of *Page 3 
the various CBA's". The City filed a motion for summary judgment on May 9, 2005. On January 12, 2006, the trial court granted summary judgment in favor of the City, finding that the City did not breach its various CBAs with the Union and was not required to provide retirees with fully-paid primary health coverage under the City's ordinances. This Court affirmed the trial court's ruling on August 30, 2006. See Metcalfev. Akron, 9th Dist. No. 23068, 2006-Ohio-4470.
 {¶ 4} In March of 2004, the FOP brought a grievance against the City for violating the parties' CBA by increasing premiums, requiring retirees to maintain OP F as their primary coverage and ceasing to provide secondary coverage to certain retirees. The grievance was brought on behalf of the FOP's membership, including "current, former, retired, active members, as well as retired officer Rick Grochowski and all other effected officers who have served or are serving on the Akron Police Department."
 {¶ 5} The same class of plaintiffs from Metcalfe I filed a second lawsuit ("Metcalfe II") against the City, OP F, and Medical Mutual of Ohio ("MMO") on November 4, 2005. See Metcalfe v. Akron, Summit Cty. No. 2005-11-6527. In the second action, the retirees alleged that they are entitled to payment of health insurance claims by the various defendants in compliance with R.C. 3902.13 and Ohio insurance regulations as they relate to the coordination of benefits. The trial court granted stay ofMetcalfe II pending review by the Ohio Department of Insurance. *Page 4 
 {¶ 6} The FOP and the City failed to resolve their dispute through the grievance process. On September 2, 2005, the City informed the FOP that they believed the grievance was not arbitrable. On September 16, 2005, the FOP filed a complaint to compel arbitration of the CBA. Both parties filed motions for summary judgment. The trial court denied the City's motion for summary judgment while granting summary judgment in favor of the FOP on June 27, 2006. The trial court found that the grievance was covered under the parties' CBA and the parties were, therefore, required to resolve their dispute through arbitration. In addition, the court found that the FOP's claims were not barred by res judicata because the cases involved different parties as well as different claims and interests. The City timely appealed the trial court's judgment, raising four assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN FINDING THAT THE UNION'S CLAIMS ARE NOT BARRED BY RES JUDICATA DUE TO THE RETIREES' PRIOR LITIGATION OVER THE LEVEL OF BENEFITS PROVIDED BY [THE CITY]."
 {¶ 7} In its first assignment of error, the City contends that the trial court erred in finding that the FOP's claims are not barred by res judicata due to the retirees' prior litigation over the level of medical benefits provided by the City. We disagree. *Page 5 
 {¶ 8} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 9} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735. *Page 6 
 {¶ 11} This Court has stated that "[t]he doctrine of res judicata provides that `[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" Perrine v. Patterson, 9th Dist. No. 22993, 2006-Ohio-2559, at ¶ 22, quoting Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. Further, application of res judicata requires that the identical cause of action shall have been previously adjudicated in a proceeding with the same parties or their privities in the first action, in which the party against whom the doctrine is sought to be imposed shall have had a full and fair opportunity to litigate the claim. Brown v. Dayton (2000),89 Ohio St.3d 245, 247; Business Data Systems, Inc. v. Figetakis, 9th Dist. No. 22783, 2006-Ohio-1036, at ¶ 11, quoting Brown v. Vaniman (Aug. 20, 1999), 2d Dist. No. 17503.
 {¶ 12} As res judicata is an affirmative defense, the burden is on the City to prove this defense. EMC Mtge. Corp. v. Jenkins,164 Ohio App.3d 240, 2005-Ohio-5799, at ¶ 9. Accordingly, if the City fails to demonstrate that the FOP had a full and fair opportunity to litigate the claims alleged herein, then the FOP's action would not be barred by the doctrine of res judicata.
 {¶ 13} At the outset, we must determine whether the parties in the two actions are the same or in privity with one another. The Ohio Supreme Court has explained that "[w]hat constitutes privity in the context of res judicata is somewhat *Page 7 
amorphous. A contractual or beneficiary relationship is not required[.]"Brown, 89 Ohio St.3d at 248. The court further explained that
 "In certain situations * * * a broader definition of `privity' is warranted. As a general matter, privity is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." (Internal citations and emphasis omitted.) Id. at 248.
"[A] mutuality of interest, including an identity of desired result, creates privity" for res judicata purposes. Id.
 {¶ 14} The parties disagree as to whether the retirees' action inMetcalfe I binds the FOP. Upon review of the two actions, we find that the within matter involves different parties with no privity to the parties in Metcalfe I, pursuing different interests than the parties involved in Metcalfe I. First and foremost, there is no dispute that the FOP was not a party to Metcalfe I. Metcalfe I was brought only by retired officers. The instant action was brought by current, former and retired members of the FOP.
 {¶ 15} Secondly, the retirees are not in privity with the FOP. The FOP is the sole bargaining representative for the City's police officers, and the FOP is solely responsible for negotiating and enforcing the CBA on behalf of the City's police officers. It follows, therefore, that the retirees have no authority to resolve the contractual dispute regarding health care coverage. Permitting the retirees to bind the parties in the within action would set dangerous legal precedent wherein a *Page 8 
party not bound by a CBA but that is only a third-party beneficiary could bind the very entity charged with negotiating and enforcing that CBA.
 {¶ 16} The City contends that the retirees have chosen to allow the FOP to serve as their bargaining agent. They further contend that the FOP has acted as the retirees' agent for purposes of collective bargaining. The City claims that because the FOP served as the retirees' agent for purposes of collective bargaining, the FOP cannot now act as though there is no mutuality between them. However, the record reflects that the retirees are not a party to the CBA and have no such contractual authority. The FOP and the City are the sole parties to the CBA. Consequently, the retirees cannot bind the FOP.
 {¶ 17} The retirees and the FOP additionally lack privity because they lack mutuality of interests. Brown, 89 Ohio St.3d at 248. While both seek health care benefits, one seeks primary coverage while the other seeks secondary coverage. These interests actually conflict. The FOP primarily seeks secondary health care coverage for retired FOP members regardless of these members' primary coverage. The retirees' complaint reflects that they sought "hospital and major medical premiums[.]" If the FOP obtains the secondary coverage it seeks, there will be less money for primary coverage and vice versa. Each suit poses a threat to the viability of the other fund. Consequently, the relief sought by the FOP-secondary insurance benefits — directly conflicts with the relief sought by the *Page 9 
retirees — primary insurance benefits. As these parties have no mutuality of interest, they are not in privity with one another. Id.
 {¶ 18} Moreover, the FOP seeks different relief than the relief sought by the retirees. While the FOP seeks to compel the City to arbitrate its grievance and ultimately seeks to compel the City to adhere to the CBA by providing secondary insurance to all FOP members, the retirees inMetcalfe I filed a common law breach of contract action against the City seeking primary health care coverage, compensatory and punitive damages.
 {¶ 19} The City additionally alleges that Mr. Grochowski is a party to both Metcalfe I and this matter. The City contends that Mr. Grochowski's inclusion in both actions demonstrates that the FOP is clearly in privity with the retirees because it seeks arbitration on behalf of those same retirees to enforce medical benefits. Mr. Grochowski is a member of the FOP. We find that Mr. Grochowski is not precluded from seeking relief as a member of the FOP simply because he chose to seek relief, albeit different relief, in Metcalfe I.
 {¶ 20} The City cites Green v. Akron (Oct. 1, 1997), 9th Dist. No. 18284, in support of its argument that the FOP is barred from relitigating issues that were settled by this Court in Metcalfe I. InGreen, this Court held that res judicata barred a lawsuit brought by a different party regarding the same employment issue that had been heard in an administrative hearing. In contrast to this matter, the parties inGreen sought the same relief in both actions and pursued the exact same *Page 10 
allegations. Here, the FOP and the retirees have pursued different relief and represent different interests.
 {¶ 21} This Court has never heard the argument that the City is required to arbitrate the FOP's grievance. Furthermore, this Court has never heard the FOP's claim that the City is required to provide certain health care benefits and secondary coverage to FOP members pursuant to the CBA. The FOP was not a party to Metcalfe I and the retirees are not in privity with the FOP. Moreover, the FOP represents both current and retired officers, whereas the retirees pursued only the interests of retired officers. In addition, the retirees and the FOP have differing interests and sought different relief. Accordingly, the FOP's action is not barred by res judicata. The City's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN FINDING THAT THE RETIREES DID NOT WAIVE THEIR ALLEGED RIGHT TO PURSUE ARBITRATION BY LITIGATING THE ISSUE OF RETIREE MEDICAL BENEFITS IN STATE COURT."
 {¶ 22} In the City's second assignment of error, it contends that the trial court erred in finding that the retirees did not waive their alleged right to pursue arbitration by litigating the issue of its retirees' entitlement to medical benefits in state court. We disagree.
 {¶ 23} "The law of Ohio favors arbitration as an alternative method of dispute resolution." MGM Landscaping Contrs., Inc. v. Berry (Mar. 22, 2000), 9th Dist. No. 19426 at *2. "Arbitration is especially encouraged in labor disputes." *Page 11 Union Tp. v. Union Tp. Professional Firefighters' Local 3412 (Feb. 14, 2000), 12th Dist. No. CA99-08-082, at *9, citing Ohio Patrolman'sBenevolent Assn. v. Lordstown (1997), 118 Ohio App.3d 9, 11. "The party asserting waiver bears the heavy burden of proving `that the party waiving the right knew of the existing right to arbitration, and that it acted inconsistently with that right.'" Aironet Wireless Communications,Inc. v. Grimm (Nov. 15, 2000), 9th Dist. No. 19974, *2, quotingGriffith v. Linton (1998), 130 Ohio App.3d 746, 751. In determining whether a party waived its right to arbitrate, the trial court examines the totality of the circumstances. Id. Circumstances, which may be considered by the trial court, include:
 "(1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts." (Citations omitted.) Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 415.
 {¶ 24} Here, the City contends that the FOP waived its right to arbitrate its dispute because it filed suit in Summit County Common Pleas Court. We find no merit in this contention. The City has clearly intertwined this argument with its res judicata argument. In our disposition of the City's first assignment of error, we determined that the retirees' action in Metcalfe I did not bind the parties herein and *Page 12 
that the FOP's action is not barred by res judicata. More relevant to the waiver argument, we determined that neither the FOP nor its privity has pursued this action. Accordingly, we find that until it commenced the within action, the FOP had not filed suit in any court regarding health care benefits of its members.
 {¶ 25} The FOP has not evidenced a disinclination to resort to arbitration, nor has the FOP substantially invoked the judicial process. To the contrary, the record reflects that the FOP has followed the appropriate steps to pursue arbitration. First, the FOP attempted to resolve its dispute through the grievance process outlined in the CBA. When the FOP failed to resolve the dispute through the grievance process, it notified the City that it intended to seek arbitration of the dispute. Thereafter, the City informed the FOP that it would not arbitrate the grievance. As a result, the FOP filed the within complaint to compel arbitration of the CBA.
 {¶ 26} We find no evidence that the FOP has "acted inconsistently" with its right to arbitrate the dispute. Moreover, "[i]t is assumed that there is a `greater institutional competence of arbitrators in interpreting collective-bargaining agreements, [which] furthers the national labor policy of peaceful resolution of labor disputes and thus best accords with the parties' presumed objectives in pursuing collective bargaining.'" Union Tp., supra, at *9, quoting AT TTechnologies, Inc. v. Communications Workers of America (1986),475 U.S. 643, 650. Accordingly, we find that trial court correctly determined that the FOP did *Page 13 
not waive its right to pursue arbitration. The City's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED IN FINDING THAT THE ISSUE OF COORDINATION OF MEDICAL BENEFITS IS ARBITRABLE UNDER THE PARTIES' COLLECTIVE BARGAINING AGREEMENT."
 {¶ 27} In its third assignment of error, the City contends that the trial court erred in finding that the issue of coordination of medical benefits is arbitrable under the parties' CBA. We disagree.
 {¶ 28} "`The question of whether a controversy is arbitrable under * * * [a] contract is a question for the Court to decide upon an examination of the contract.'" Gibbons-Grable Co. v. Gilbane Bldg. Co. (1986),34 Ohio App.3d 170, 172, quoting Siam Feather Forest Products Co. v.Midwest Feather Co. (S.D.Ohio 1980), 503 F.Supp. 239, 241. Arbitration is strongly encouraged as a method to settle disputes. Williams v. AetnaFin. Co. (1998), 83 Ohio St.3d 464, 471. "A presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision." Id. at 471. "Hence, if an arbitration clause is broad, a court is strictly confined to a determination of whether, from the face of the contract, the parties agreed to submit the disputed term to arbitration." Board of Park Commrs. v. E. B. Katz Co. (Mar. 2, 1995), 8th Dist. No. 66982, at *2, quoting Internatl. Bhd. of Teamsters,Chauffeurs, Warehousemen Helpers of America, Local Union 20 v.Toledo (1988), 48 Ohio App.3d 11, 13. *Page 14 
 {¶ 29} Accordingly, we must examine the language of the Agreement.
 "Article V: Grievances and Arbitration
 "A. Definition
 "A grievance is a complaint, dispute or controversy in which it is claimed that either party has failed in an obligation under this Agreement and which involves the meaning, interpretation or application of this Agreement.
 "B. 1. Both parties agree that all grievances should be dealt with promptly and every effort should be made to settle grievances as close to the source as possible.
 "2. Should the Administration fail to comply with the time limits herein, the FOP may appeal immediately to the next step. Should the FOP fail to comply with the time limits herein, the grievance shall be considered abandoned. Time limits may be extended by mutual consent.
 "C. The following procedure shall be utilized when a grievance is initiated by an officer, a group of officers, or the FOP:
 "STEP 1: A grievance must be presented in either oral or written form to the aggrieved party's Shift Commander, based on the Akron Police Division chain of command. The grievance must be submitted within five (5) working days of occurrence, or within five (5) working days after it has become known to the employee. The Shift Commander shall have five (5) days to submit his oral or written response. An FOP representative shall have the right to be present at the hearing of the grievance.
 "STEP 5: If the grievance is not resolved at STEP 4, either party may, within twenty-one (21) calendar days after the decision of the Deputy Mayor, certify in writing to the other party its intent to submit the grievance to arbitration.
 "ARBITRATION
 "A. Selection *Page 15 
 "The parties shall have five (5) working days to select an arbitrator by mutual agreement. If such agreement is not reached, a joint request shall be made to the Federal Mediation and Conciliation Service or the American Arbitration Association to submit a panel of five (5) arbitrators to both parties. The parties shall meet within five (5) working days of receipt of said list for the purpose of selecting the arbitrator by alternatively striking names from the list until one (1) name remains. The last remaining name shall be the arbitrator.
 "C. Jurisdiction
 "The arbitrator shall be expressly limited to the meaning, intent, or application of the provisions of this Agreement. He shall have no power to add to, detract from, or alter in any way the provisions of this Agreement.
 "D. Binding Both Parties
 "The decision of the arbitrator shall be in writing and binding on both parties."
 {¶ 30} The parties' CBA contains a broad arbitration clause. Under this clause, any "complaint, dispute, or controversy" involving an obligation under the CBA which involves the "meaning, interpretation, or application of the CBA which is not resolved at STEP 4, may be submitted to arbitration. The FOP has not indicated that its grievance concerns the coordination of benefits. Rather, the complaint and grievance reflect that this matter concerns whether the City violated the CBA by increasing premiums, requiring retirees to maintain OP F as their primary coverage and ceasing to provide secondary coverage to certain retirees. Therefore, this matter involves the "meaning, interpretation, or application of the *Page 16 
CBA and indisputably falls within the scope of the arbitration clause. In reaching this conclusion, we are mindful that a presumption favoring arbitration arises when, as here, the disputed claim "falls within the scope of the arbitration provision." Williams, 83 Ohio St.3d at 471. Accordingly, the City's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED IN FINDING THAT THE UNION HAS STANDING TO ARBITRATE THE ISSUE OF RETIREE MEDICAL BENEFITS ON BEHALF OF ACTIVE EMPLOYEES WHERE THEIR ALLEGED ENTITLEMENT TO SUCH BENEFITS IS NOT YET RIPE."
 {¶ 31} In its fourth assignment of error, the City contends that the trial court erred in finding that the FOP has standing to arbitrate the issue of retiree's medical benefits on behalf of active employees where their alleged entitlement to such benefits is not yet ripe.
 {¶ 32} "To aid in the determination whether a controversy `is justiciable in character' or there is the `ripeness' necessary for review," the United States Supreme Court developed, and Ohio has adopted, a two-part test:
 "first to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial relief is denied at that stage." Burger Brewing Co. v. Liquor Control Comm.
(1973), 34 Ohio St.2d 93, 97, quoting Toilet Goods Assn. v. Gardner (1967), 387 U.S. 158, 162.
Here, the FOP seeks arbitration of a dispute regarding the CBA. The issue of whether the parties are required to arbitrate the FOP's grievance is appropriate *Page 17 
for judicial resolution as it is within the court's province to determine whether a specific grievance is subject to arbitration.Board of Park Commrs., supra, at *2. Regardless of when the members of the FOP would receive the "benefits", the right to receive these benefits arose on the date of the employees' service.
 {¶ 33} Moreover, as provided in the CBA, arbitration is the sole mechanism available to the parties for resolving disputes about the CBA. The FOP would suffer great hardship if denied resolution of whether its grievance is arbitrable. Consequently, the City's fourth assignment of error is overruled.
 III. {¶ 34} The City's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of *Page 18 
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1