NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0075n.06

No. 25-3293

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 05, 2026
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| PATRICIA WILKINSON, Administrator of the Estates of Aisha Nelson and Harper Guynn, et al., <br><br>     Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF DAYTON, OHIO, et al., <br><br>     Defendants-Appellees. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO <br><br><br> OPINION |

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. Shortly after two Dayton police officers came to Aisha Nelson's home to investigate a domestic dispute, the man she lived with shot her and her daughter to death. The decedents' estates sued the officers and other local-government defendants in state court, but the court dismissed the suit. The estates then refiled the suit in federal court, adding some relatives as new plaintiffs. The district court dismissed the suit on res judicata grounds. We affirm.

Aisha Nelson lived in Dayton with her six-year-old daughter, Harper Guynn, and Waverly Hawes. In June 2022, Hawes called the police because he wanted Nelson to leave their home. Officers Terrell Moore and Kathryn Santos came and talked to Hawes and Nelson for 30 minutes. Nelson told the officers that Hawes had threatened her life and that he owned a gun. She asked the officers to remove Hawes from the home, but they left without arresting him. An hour later, Hawes fatally shot Nelson and her daughter, and then killed himself.

An Ohio probate court appointed Patricia Wilkinson as the administrator of the Nelson and Guynn estates. Wilkinson brought suit in state court, asserting federal claims under 42 U.S.C. § 1983 as well as state claims, and naming as defendants Officers Moore and Santos, the City of Dayton, the Dayton City Commission, several Dayton City Commissioners, and Dayton Chief of Police Kamran Afzal. Wilkinson later narrowed her complaint to assert only state-law claims, against only Officers Moore and Santos. The state court thereafter dismissed those claims for failure to state a claim.

Wilkinson then sued in federal court, asserting the same claims, against the same defendants, that she had initially asserted in state court. But she added several new plaintiffs ("the relatives"), namely Harper Guynn's father (Alvin Guynn) and her grandmothers (Keely Nelson and Darlene Guynn). These new plaintiffs also asserted their own substantive due process claims for loss of "familial association" with the decedents. The defendants moved to dismiss, arguing that the dismissal in the state suit precluded the federal one. The district court agreed and dismissed the suit.

We review that decision de novo. *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011). We can affirm on any basis supported by the record. *Boler v. Earley*, 865 F.3d 391, 414 (6th Cir. 2017).

The plaintiffs challenge (albeit barely) the district court's holding that the decedents' § 1983 claims are barred by the state court's dismissal of the earlier Ohio suit. State law determines the preclusive effect of a prior action. *Moore v. Hiram Township*, 988 F.3d 353, 357 (6th Cir. 2021). And under Ohio law, res judicata precludes a claim if the same parties, or their privies, raised or could have raised the same claim in a prior lawsuit that was decided on the merits. *See Grava v. Parkman Township*, 653 N.E.2d 226, 228-29 (Ohio 1995).

Here, the parties agree that the state court's dismissal of the first lawsuit for failure to state a claim was a decision on the merits. *See U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 415 (6th Cir. 2016).

Next, res judicata applies only if the prior suit involved the same parties or their privies. *See Brown v. Dayton*, 730 N.E.2d 958, 961-62 (Ohio 2000). Here, on the plaintiffs' side, Wilkinson was a party in state court, and the relatives are Wilkinson's privies, because all of them have the same interest in seeking to hold these defendants liable for Nelson's and Guynn's deaths. *See id.* at 962 (stating that to "find otherwise would be to allow" the defendants "to come under constant attack simply by replenishing the ranks of plaintiffs"). On the defendants' side the City of Dayton, Dayton City Commission, and Chief Afzal are privies of Officers Moore and Santos—because a government entity is in privity with its agents, and agents sued in their official capacities are generally in privity with one another. *See Bus. Dev. Corp. of S.C. v. Rutter & Russin, LLC*, 37 F.4th 1123, 1136-37 (6th Cir. 2022); *State ex rel. Norris v. Adult Parole Auth.*, 272 N.E.3d 347, 350 (Ohio 2025). So that element was met too.

Res judicata also requires that the plaintiffs' claims arise from the same transaction or occurrence as those in the first suit. *Grava*, 653 N.E.2d at 229. That is plainly the case here: all the plaintiffs' claims—both in state and federal court—arise from the officers' failure to arrest Waverly Hawes in June 2022.

Finally, for res judicata to apply, the plaintiffs must have had a full opportunity to litigate their claims in the prior action. *See Rutter & Russin, LLC*, 37 F.4th at 1129. Here, nothing stopped Wilkinson from doing exactly that. The plaintiffs say they could not assert their municipal-liability claim in the prior action, but the record shows Wilkinson initially brought (and then voluntarily

dismissed) a municipal-liability claim like the one she asserts here. The district court rightly dismissed all these § 1983 claims as barred by the prior action.

That leaves the relatives' putative substantive due process claims for loss of familial association. Our court has held that "no constitutional violation of the right to family association exists without a state action directed at the family relationship." *Chambers v. Sanders*, 63 F.4th 1092, 1099 (6th Cir. 2023). The relatives did not allege any such targeting of the family relationship here, so those claims too were properly dismissed (though on different grounds).

The district court's judgment is affirmed.