DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William Singfield, appeals from the judgment of the Summit County Court of Common Pleas which granted summary judgment against Mr. Singfield on each of his claims. This Court affirms.
 I. {¶ 2} Mr. Singfield began his employment with the Akron Metropolitan Housing Authority ("AMHA") in 1992. During the course of his employment, Mr. Singfield was disciplined numerous times. The facts surrounding his termination were described in detail by this Court in AMHA v. AFL-CIO,
9th Dist. No. 22365, 2005-Ohio-2965, at ¶ 11-16. As a result of his termination, Mr. Singfield filed suit in federal court. See Singfield v.AMHA (N.D. Ohio 2003), 266 F.Supp.2d 728, affirmed in part and reversed in part by Singfield v. AMHA (C.A.6, 2004), 389 F.3d 555. During the pendency of that case and its appeal, Mr. Singfield filed suit, the instant matter, in the Summit County Court of Common Pleas.
 {¶ 3} In his federal suit, Mr. Singfield filed claims against AMHA and its director alleging racial discrimination, retaliation, and due process and equal protection violations. Id. at 558. In his state suit, Mr. Singfield sued several employees of AMHA individually. Mr. Singfield alleged that Appellees, Christine Yuhasz, Michael Reinhart, Tom Spurlock, John Morris, and Terry Foster racially discriminated against him and defamed him. Additionally, Mr. Singfield filed claims against each appellee for the intentional infliction of emotional distress ("IIED"). Following discovery, each of the appellees filed motions for summary judgment alleging numerous defenses to the claims raised by Mr. Singfield. Mr. Singfield responded to these motions, arguing that questions of fact remained for a jury to determine. The trial court disagreed, finding that each of Mr. Singfield's claims was barred. With respect to his claims of discrimination, the trial court found that Mr. Singfield's claims were barred by either collateral estoppel or res judicata. In addition, the trial court found that Mr. Singfield's claims for defamation and IIED were barred by the statute of limitations. Mr. Singfield timely appealed from the trial court's judgment, raising three assignments of error for our review. For ease, Mr. Singfield's second and third assignments of error are consolidated.
 II. A. First Assignment of Error
"THE LOWER COURT ERRED WHEN IT GRANTED YUHASZ AND REINHART SUMMARY JUDGMENT ON SINGFIELD'S DISCRIMINATION CLAIMS."
 {¶ 4} In his first assignment of error, Mr. Singfield contends that the trial court erred in granting summary judgment in favor of Ms. Yuhasz and Mr. Reinhart on his claims of discrimination. We disagree.
 {¶ 5} This Court reviews an award of summary judgment de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948,107 S.Ct. 433, 93 L.Ed.2d 383.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 8} In support of their motions for summary judgment, Ms. Yuhasz and Mr. Reinhart argued that Mr. Singfield's discrimination claims were barred by the doctrines of collateral estoppel and res judicata. Under Ohio law, the doctrine of res judicata encompasses both claim preclusion and issue preclusion, commonly called collateral estoppel. Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 381. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. However, res judicata only applies as a bar to subsequent actions between the parties to the original action or those in privity with them. Brown v. Dayton (2000), 89 Ohio St.3d 245, 247.
 {¶ 9} Mr. Singfield alleges that the use of res judicata is inappropriate in his suit for two reasons. First, he alleges that his discrimination claim is distinct from the claims he raised in his federal suit. Next, Mr. Singfield argues that the parties he filed suit against in state court are not in privity with the defendants from his federal suit. Each of Mr. Singfield's contentions lacks merit.
 {¶ 10} Mr. Singfield urges that his current claims of discrimination are "drastically different than those contained" in his federal lawsuit. Initially, we note that several of the underlying facts of Mr. Singfield's claims mimic his federal claims verbatim. For example, in both his suits Mr. Singfield claimed that he was given the hardest and dirtiest work because of his race. Additionally, to establish discrimination, Mr. Singfield must demonstrate an adverse employment action. Johnson v. Ferguson-Ramos, 10th Dist. No. 04AP-1180, 2005-Ohio-3280, at ¶ 47. In order to demonstrate this element, Mr. Singfield relies upon his suspension and subsequent termination. As these actions provided the impetus for his federal suit, any additional claims of discrimination emanating from them necessarily arise "out of the transaction or occurrence that was the subject matter of the previous action." Grava, 73 Ohio St.3d at syllabus.
 {¶ 11} Mr. Singfield also urges that Ms. Yuhasz and Mr. Reinhart are not in privity with the parties to his federal suit. However, "[w]hat constitutes privity in the context of res judicata is somewhat amorphous." (Emphasis sic.) Brown, 89 Ohio St.3d at 248. "[A] mutuality of interest, including an identity of desired result, creates privity[.]" Id. In the instant matter, Ms. Yuhasz and Mr. Reinhart are employees of AMHA, the named party in Mr. Singfield's federal lawsuit. We find that their employment relationship coupled with their identity of desired result creates privity between Ms. Yuhasz, Mr. Reinhart, and the parties to Mr. Singfield's federal lawsuit.
 {¶ 12} Finally, Mr. Singfield contends that the Sixth Circuit's reversal of the grant of summary judgment in his federal case compels reversal in the instant matter. However, the Sixth Circuit affirmed the grant of summary judgment against Mr. Singfield on his claim of racial discrimination. Singfield, 389 F.3d at 562. Accordingly, Mr. Singfield's claims lack merit.
 {¶ 13} As Mr. Singfield has fully litigated his claim of racial discrimination against the AMHA in federal court, res judicata bars his subsequent litigation of discrimination claims in state court. Accordingly, Mr. Singfield's first assignment of error is overruled.
 B. Second Assignment of Error
"THE LOWER COURT ERRED WHEN IT GRANTED ALL APPELLEES SUMMARY JUDGMENT ON SINGFIELD'S DEFAMATION CLAIMS[.]"
 Third Assignment of Error
"THE LOWER COURT ERRED WHEN IT GRANTED ALL APPELLEES SUMMARY JUDGMENT ON SINGFIELD'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS[.]"
 {¶ 14} In his final two assignments of error, Mr. Singfield avers that the trial court erred in granting summary judgment on his remaining claims. This Court disagrees.
 {¶ 15} As noted above, we review an award of summary judgment de novo. Grafton, 77 Ohio St.3d at 105. As such, we find that res judicata bars Mr. Singfield's defamation and IIED claims as well.
"It has long been the law of Ohio than `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.' (Emphasis added.) * * * The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." (Emphasis sic.) Natl. Amusements, Inc. v. Springdale
(1990), 53 Ohio St.3d 60, 62, quoting Rogers v. Whitehall (1986),25 Ohio St.3d 67, 69.
"Whether the original claim explored all the possible theories of relief is not relevant." Brown, 89 Ohio St.3d at 248. Rather, "the trend now is to view claims in terms of the facts underlying them." Schul v.Ely (Feb. 2, 2001), 2d Dist No. 18402, at *4.
 {¶ 16} Similar to his discrimination claims, Mr. Singfield's claims of discrimination and IIED all revolve around his termination from AMHA. The statements and actions that Mr. Singfield relies upon to support his defamation and IIED claims all arose during the course of the investigation that led to Mr. Singfield's termination, the subject matter of his initial federal lawsuit. In addition, 28 U.S.C. 1367(a) granted supplemental jurisdiction to the federal court to hear the state claims presented by Mr. Singfield in this matter.[1] See Hunter v. Cook
(C.A.7, 1995), 68 F.3d 477. As the facts underlying Mr. Singfield's claims could have been litigated in his federal suit, he is now forever barred from asserting them in another action. See Springdale,53 Ohio St.3d at 62. Accordingly, Mr. Singfield's second and third assignments of error are overruled.
 III. {¶ 17} Mr. Singfield's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Whitmore, J. concur
[1] There is no indication from the record that Mr. Singfield ever sought to pursue his state claims in federal court and that the federal court declined to hear them.