JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants IBid Power and Mark Lallemand (appellants) appeal the trial court's December 2, 2005 journal entry enforcing the June 18, 2004 settlement agreement between appellants and plaintiff-appellee Electrical Enlightenment, Inc., and holding appellants in contempt of court. After reviewing the facts of the case and pertinent law, we reverse.
 I. {¶ 2} On June 18, 2004, the parties, who are competitors in the contractor estimating industry, entered into an agreement to settle a trade secret and deceptive business practice dispute that had been in litigation since November 24, 2003. On June 21, 2004, the court docketed a journal entry that reads in part as follows:
"All claims settled and dismissed w/prej. Deft agrees to pay pltf $30,000.00 payment plan as follows: $2,500.00 lump sum; $1,000.00 on the first of each month; balloon payment at the end of a year. If payment is more than 15 days late, pltf shall execute a jdgmnt against the deft in the amount of $60,000.00. OSJ final."
 {¶ 3} Subsequent to this settlement and dismissal, appellee filed a motion to enforce judgment as well as various motions to enforce the settlement agreement against appellants. On September 9, 2005, the court held a hearing and granted appellee's motion to impose judgment, ordering appellants to comply with the terms of the settlement agreement by September 23, 2005. On October 11, 2005, the court granted appellee's second motion to enforce judgment and ordered the parties to file a joint notice informing the court when a resolution had been reached. On December 2, 2005, the court again ordered appellants to comply with the order, extending the time the parties had to resolve their differences and file the joint notice of resolution. The court also held appellants in contempt of court for failing to abide by the September 9, 2005 order. It is from this December 2, 2005 order that appellants appeal.
 II. {¶ 4} In their first assignment of error, appellants argue that "the court erred in entertaining and later granting plaintiff's motions to enforce provisions of the parties' settlement agreement." Specifically, appellants argue that because the court unconditionally dismissed the instant case, it lost jurisdiction to enforce the settlement agreement that the parties voluntarily entered into. It should be noted that appellee agrees with appellants on this matter.
 {¶ 5} In Tabbaa v. Koglman, 149 Ohio App.3d 373, 377-78,2002-Ohio-5328, we held the following:
"Initially, this court recognizes that a trial court possesses the authority to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit. Mack v. Polson
(1984), 14 Ohio St.3d 34. However, a trial court will lose jurisdiction to proceed into a matter when the court has unconditionally dismissed an action. State, ex rel. Rice v.McGrath (1991), 62 Ohio St.3d 70. In contrast, `when an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur.' Berger v. Riddle (Aug. 18, 1994), Cuyahoga App. Nos. 66195, 66200. `The determination of whether a dismissal is unconditional, thus depriving a court of jurisdiction to entertain a motion to enforce a settlement agreement, is dependent upon the terms of the dismissal order.' Le-air MoldedPlastics, Inc. v. Virginia Goforth, et al. (Feb. 24, 2000), Cuyahoga App. No. 74543, citing Showcase Homes, Inc. v. TheRavenna Savings Bank (1998), 126 Ohio App.3d 328."
See, also, Lamp v. Richard Goettle, Inc., Hamilton App. No. C-040461, 2005-Ohio-1877 (holding that "[t]o enforce a settlement after an entry of dismissal, the terms of the settlement must be embodied in an order of dismissal or the order must contain a provision for the court's continuing jurisdiction over disputes that may arise out of the settlement").
 {¶ 6} In the instant case, although the dismissal order references a payment plan, the dismissal itself is not conditioned upon an agreement or settlement. From the record, we ascertain that the payment plan was not abided by; however, the court lacks authority to rule upon this claim or any other aspect of the case. Appellants' first assignment of error is sustained.
 {¶ 7} Appellant's second assignment of error is rendered moot pursuant to App.R. 12(A)(1)(c).
Judgment reversed.
It is ordered that appellants recover from appellee the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Kilbane, J., concur.