JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Electrical Enlightenment, Inc. ("Electrical Enlightenment") appeals from the judgment of the trial court dismissing its lawsuit against Melinda Bandy ("Bandy"). Electrical Enlightenment argues the trial court erred when it dismissed its case against Bandy. For the following reasons, we reverse the decision of the trial court.
 {¶ 2} On November 24, 2003, Electrical Enlightenment filed a complaint against Mark Lallemand ("Lallemand"). Electrical Enlightenment later moved to join Ibid Power, Inc. ("Ibid Power") and filed an amended complaint; the trial court granted both motions. Electrical Enlightenment's amended complaint alleged that Lallemand and Ibid Power had "misappropriated one or more trade secrets[,] * * * engaged in deceptive trade practice," used "trade dress" that "is likely to cause confusion" and "misappropriated the look and feel of Plaintiff's website." Electrical Enlightenment sought injunctive relief and monetary damages. This case was a business dispute between two corporate entities that were competitors.
 {¶ 3} In the original case, Electrical Enlightenment moved to join Bandy and Gregory Kirsch, who were employees of Ibid Power. The trial court denied that motion without explanation on April 27, 2004. On June 18, 2004, the parties reached a settlement agreement and the terms of the settlement were set forth in the court's journal entry filed on June 21, 2004. *Page 4 
 {¶ 4} Subsequent to the dismissal of the original action, the trial court conducted hearings on a number of motions related to the settlement agreement. The trial court found that Lallemand did not comport with the settlement agreement and found him in contempt. On December 29, 2005, Ibid Power and Lallemand appealed to this court seeking reversal of the trial court's finding of contempt. On November 2, 2006, this court ruled that the lower court erred by exercising jurisdiction over a matter that it had unconditionally dismissed with prejudice. See Electrical Enlightenment, Inc. v. Mark Lallemand, Cuyahoga App. No. 87551, 2006-Ohio-5731.
 {¶ 5} While that case was pending in the Court of Appeals, Electrical Enlightenment filed three separate lawsuits involving the same people and making substantially similar claims that were alleged in the original action. On April 28, 2006, Electrical Enlightenment filed a lawsuit against Gregory Kirsch in Cuyahoga County Common Pleas Court. This case was later transferred to the Summit County Court of Common Pleas. On May 23, 2006, Electrical Enlightenment filed the instant lawsuit against Bandy alleging claims identical to Electrical Enlightenment's original complaint against Lallemand. Finally, on May 26, 2006, Electrical Enlightenment filed a lawsuit against Lallemand and Ibid Power in the Summit County Court of Common Pleas.[1] *Page 5 
 {¶ 6} For these reasons, on August 29, 2006, Bandy filed a motion to dismiss. On December 20, 2006, the trial court granted Bandy's motion to dismiss without issuing an opinion. Electrical Enlightenment appeals, raising the following four assignments of error:
 "I. The trial court erred by dismissing a case against a permissive party in an earlier action and not joined in an earlier action.
 II. The trial court erred by dismissing a case without determining whether that party was a permissive party in an earlier action and not joined in an earlier action.
 III. The trial court erred by dismissing a party in case [sic] without determining whether the tort by that party was still ongoing.
 IV. The trial court erred by dismissing a party in case [sic] without allowing for discovery to determine whether the defendant's tort was still ongoing."
 {¶ 7} In its four assignments of error, which were not clearly or separately argued as required by the appellate rules, Electrical Enlightenment argues that the trial court erred in dismissing the action because Bandy was a permissive party in an earlier action, the trial court had yet to determine whether the tort was ongoing, and the trial court had not allowed for discovery. The first three assignments of error involve an identical standard of review and therefore, we will address them contemporaneously. *Page 6 
 {¶ 8} In her motion to dismiss, Bandy argued that the trial court lacked subject matter jurisdiction based on the jurisdictional priority rule and that the doctrine of res judicata barred Electrical Enlightenment's lawsuit. The trial court did not state its reasons for dismissing the instant lawsuit, and we conclude that under either theory offered by Bandy the court erred.
 {¶ 9} First, we find that the trial court retained subject matter jurisdiction over Electrical Enlightenment's lawsuit against Bandy. Bandy initially moved to dismiss the lawsuit because at the time of its filing Lallemand and Ibid Power appealed their case to this court. Bandy argued that the jurisdictional priority rule barred the trial court from exercising jurisdiction over the matter. Under the jurisdictional priority rule, '"as between [state] courts of concurrent jurisdiction, the [tribunal] whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties. `" State ex rel. Racing Guild of Ohio v. Morgan (1985),17 Ohio St.3d 54, quoting Weenink Sons v. Court of Common Pleas
(1948), 150 Ohio St. 349. "In general, the jurisdictional priority rule applies when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the *Page 7 
second." State ex rel. Shimko v. McMonagle (2001), 92 Ohio St.3d 426,2001-Ohio-301.
 {¶ 10} However, this argument became moot on November 2, 2006, when this court released its decision in Electrical Enlightenment v. MarkLallemand, supra. At that point, this court of appeals did not have jurisdiction to the exclusion of any other court. Nonetheless, the jurisdictional priority rule would not have applied to strip the trial court from subject matter jurisdiction. Electrical Enlightenment filed suit against Bandy arguing that in 2002, Bandy misappropriated Electrical Enlightenment's trade secrets by copying its website. It was, essentially, a new complaint that was identical to the complaint filed against Lallemand in the original 2003 action. The key difference was that Bandy was never a party to the 2003 action. Bandy was never bound to the 2004 settlement agreement entered into by Lallemand, Ibid Power, and Electrical Enlightenment and therefore, an appeal from that case could not prevent the instant lawsuit. Accordingly, the trial court maintained subject matter jurisdiction over the case.
 {¶ 11} Second, we conclude that the doctrine of res judicata does not bar the instant lawsuit. Res judicata is defined as "a valid, final judgment rendered on the merits [that] bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.,73 Ohio St.3d 379, 1995-Ohio-331. Res judicata encompasses the two related concepts of claim preclusion, and collateral estoppel. O'Nesti et alv. *Page 8 Debartolo Realty Corp., 113 Ohio St.3d 59, 2007-Ohio-1102. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject of matter of a previous action. Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter." Id. (Citations omitted.)
 {¶ 12} For claim preclusion to apply, the parties to the subsequent suit must either be the same or in privity with the parties to the original suit. Id. Bandy was neither a party to the original action nor was she in privity with Lallemand and or Ibid Power. In 2003, Electrical Enlightenment sued Lallemand and Ibid Power for copying its website. When Electrical Enlightenment attempted to join Bandy to the original lawsuit, alleging that she also copied its website, the trial court denied their motion. While Bandy claims the trial court denied Electrical Enlightenment's motion for joinder because it was so late in litigation, the trial court gave no such explanation on its docket. We therefore cannot speculate on the basis for its ruling.
 {¶ 13} We can conclude, however, that the doctrine of claim preclusion does not protect Bandy from this suit. As stated above, she was not named in the original complaint, nor was Electrical Enlightenment permitted to join her as a party during litigation. Bandy was not bound by the settlement agreement and therefore, no issues have been determined against her with preclusive effect.
 {¶ 14} Finally, we disagree with Bandy's argument that Electrical Enlightenment should have appealed from the trial court's refusal to join Bandy to *Page 9 
the original lawsuit. While that was an option, Electrical Enlightenment also had the option of filing an independent action, which it did in this case. Accordingly, we hold that the trial court maintained subject matter jurisdiction and that the doctrine of res judicata does not bar this lawsuit.
 {¶ 15} Our analysis above disposes of Electrical Enlightenment's first three assignments of error and renders its fourth assignment of error moot. Electrical Enlightenment's appeal is sustained, the judgment of the trial court is reversed and the matter is remanded to the trial court for proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and ANN DYKE, J., CONCUR
[1] The Summit County trial court dismissed this lawsuit determining that the alleged actions of the named defendants fell within the parties' settlement agreement entered into on June 18, 2004. The court determined that Electrical Enlightenment's proper course of action was to bring a breach of contract claim to enforce the settlement agreement, not to file a new lawsuit. The trial court concluded that it had no authority to decide any cause of action alleged by Electrical Enlightenment's complaint. The Summit County trial court then dismissed the complaint. *Page 1