DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Electrical Enlightenment Inc. sued its former business partner, Mark Lallemand, and his new company, Ibid Power Inc., after Mr. Lallemand created a website for Ibid Power that was similar to Electrical Enlightenment's. After those parties settled, Electrical Enlightenment sued Mr. Lallemand's cousin, Gregory Kirsch, who had posted and maintained Ibid Power's website. The trial court granted summary judgment for Mr. Kirsch because it concluded that Electrical Enlightenment could and should have brought its claims against him in its first suit. This Court affirms because Electrical Enlightenment's settlement with Mr. Lallemand and Ibid Power bars any claims against their privies arising out of the same transaction or occurrence.
 FACTS {¶ 2} Electrical Enlightenment and Mr. Lallemand worked together as electrical trade estimators. In 2002, Mr. Kirsch assisted in networking their computers. After Mr. Lallemand *Page 2 
ended his relationship with Electrical Enlightenment and created Ibid Power, Mr. Kirsch posted and maintained a website for the new company. Ibid Power initially hired Mr. Kirsch as an independent contractor, but he, allegedly, later became one of its employees. According to Mr. Kirsch, Ibid Power's website is at least 70% similar to Electrical Enlightenment's.
 {¶ 3} In November 2003, Electrical Enlightenment filed a complaint in Cuyahoga County against Mr. Lallemand and Ibid Power over Ibid Power's website, alleging misappropriation of trade secrets, engagement in deceptive trade practices, acts of trademark and trade dress infringement, unfair competition, and violations of Mr. Lallemand's duty of good faith. In April 2004, Electrical Enlightenment moved to join Mr. Kirsch as a defendant, but the trial court denied its motion. The parties subsequently settled.
 {¶ 4} In April 2006, Electrical Enlightenment filed a complaint in Cuyahoga County against Mr. Kirsch alleging misappropriation of trade secrets, engagement in deceptive trade practices, acts of trademark and trade dress infringement, unfair competition, and violations of a duty of good faith. The case was later transferred to Summit County. During discovery, Electrical Enlightenment sought Mr. Kirsch and Ibid Power's banking and taxation records so it could determine whether Mr. Kirsch was an employee or independent contractor of Ibid Power. The trial court, however, denied its motions for enforcement of subpoena and to compel.
 {¶ 5} In June 2007, Mr. Kirsch moved for summary judgment, asserting that Electrical Enlightenment's claims were barred under the doctrine of res judicata and because it did not join him in its first suit. The trial court determined that Electrical Enlightenment's claims were "virtually identical" to the claims it had asserted against Mr. Lallemand and Ibid Power and that both suits "[arose] out of the very same nucleus of facts." It also determined that, by virtue of Mr. Kirsch's employment relationship with Ibid Power, he was in privity with Mr. Lallemand *Page 3 
and Ibid Power. Finally, it determined that Electrical Enlightenment's claims against Mr. Kirsch could and should have been raised in its first suit. The court, therefore, granted Mr. Kirsch summary judgment, concluding that res judicata barred Electrical Enlightenment's claims. Electrical Enlightenment has assigned three errors, which this Court has rearranged for ease of discussion.
 RES JUDICATA {¶ 6} Electrical Enlightenment's third assignment of error is that the trial court incorrectly granted Mr. Kirsch summary judgment because there were factual questions regarding whether he is an employee or an independent contractor of Ibid Power. In reviewing a ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Parentt v. Goodyear Tire RubberCo., 66 Ohio App. 3d 826, 829 (1990).
 {¶ 7} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.,73 Ohio St. 3d 379, syllabus (1995). "However, res judicata only applies as a bar to subsequent actions between the parties to the original action or those in privity with them." Singfteld v. Yuhasz, 9th Dist. No. 22432,2005-Ohio-3636, at ¶ 8 (citing Brown v. Dayton, 89 Ohio St. 3d 245, 247
(2000)).
 {¶ 8} "What constitutes privity in the context of res judicata is somewhat amorphous. A contractual or beneficiary relationship is not required: `In certain situations . . . a broader definition of privity is warranted. As a general matter, privity is merely a word used to say that *Page 4 
the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.'"Brown, 89 Ohio St. 3d at 248 (quoting Thompson v. Wing,70 Ohio St. 3d 176, 184 (1994)). "Privity has also been defined as `such an identification of interest of one person with another as to represent the same legal right.'" Green v. City of Akron, 9th Dist. Nos. 18284, 18294, 1997 WL 625484 at *4 (Oct. 1, 1997) (quoting Buchanan v. PalcraInc., 6th Dist. No. E-87-22, 1987 WL 31973 at *2 (Dec. 31, 1987)).
 {¶ 9} In Singfield v. Yuhasz, 9th Dist. No. 22432, 2005-Ohio-3636, at ¶ 11, this Court determined that an employee's employment relationship, coupled with an identity of desired result, created privity between the employee and his employer. See also Doolittle v. Zapis Commc'nCorp., 11th Dist. No. 99-T-0084, 2000 WL 1192967 at *5 (Aug. 18, 2000) (concluding that employee who was acting within the scope of his employment was in privity with his employer). Although Electrical Enlightenment has conceded that "employees and employers may sometimes be in privity," it has argued that there are genuine issues of material fact in dispute regarding whether Mr. Kirsch is an employee or merely an independent contractor for Ibid Power.
 {¶ 10} In this case, whether Mr. Kirsch is an employee or independent contractor does not control whether he is in privity with Mr. Lallemand and Ibid Power. Regardless of how their relationship is characterized, it is undisputed that Mr. Kirsch was hired by Mr. Lallemand and Ibid Power and was performing work for them when he posted and maintained Ibid Power's website. This Court, therefore, concludes that Mr. Kirsch, Mr. Lallemand, and Ibid Power's relationship is "close enough" to permit the application of res judicata. See Brown, 89 Ohio St. 3d at 248
(quoting Thompson v. Wing, 70 Ohio St. 3d 176, 184 (1994)). *Page 5 
 {¶ 11} Mr. Kirsch, Mr. Lallemand, and Ibid Power also share an "identity of desired result." Singfield, 2005-Ohio-3636, at ¶ 11. Electrical Enlightenment has not denied that it asserted "virtually identical" claims against each party, based on the same nucleus of facts. It has also sought the same relief, except that it sought greater monetary damages against Mr. Lallemand and Ibid Power. This Court, therefore, concludes that Mr. Kirsch, Mr. Lallemand, and Ibid Power's work relationship, coupled with the identity of desired result, creates privity among them. See id.
 {¶ 12} A month after Electrical Enlightenment sued Mr. Kirsch, it filed a complaint against Mr. Lallemand's secretary, alleging claims that were substantially similar to the ones it had against Mr. Lallemand and Ibid Power. Elec. Enlightenment Inc. v. Bandy, 8th Dist. No. 89263,2007-Ohio-6657, at ¶ 5. The trial court granted the secretary's motion to dismiss, but the Eighth District reversed, concluding that the doctrine of res judicata did not apply. Id. at ¶ 14. The court noted that Mr. Lallemand's secretary was not named in Electrical Enlightenment's complaint in the first action, that it was not allowed to join her in that action, and that she was not bound by the parties' settlement agreement. Id. at ¶ 13.
 {¶ 13} Electrical Enlightenment has argued that this Court should follow the Eighth District's decision. Bandy is distinguishable, however, because the court only made a passing reference to Mr. Lallemand's secretary not being in privity with Mr. Lallemand or Ibid Power. It is unclear from the decision whether the issue of privity was raised by the parties or was properly before the court. The court did not cite or distinguish any decisions in which an employee has been found to be in privity with her employer. Accordingly, because this Court has concluded that Mr. Kirsch is in privity with Mr. Lallemand and Ibid Power, it declines to follow Bandy. Electrical Enlightenment's third assignment of error is overruled. *Page 6 
 DISCOVERY REQUESTS {¶ 14} Electrical Enlightenment's first and second assignments of error are that the trial court incorrectly refused to compel discovery of Mr. Kirsch's financial records and enforce a subpoena of Mr. Lallemand and Ibid Power's financial records. Electrical Enlightenment has argued that it needed those records to determine whether Mr. Kirsch is an employee or independent contractor. Because it is immaterial whether Mr. Kirsch is an employee or independent contractor, however, Electrical Enlightenment has not shown that it was prejudiced by the trial court's decision. See Civ. R. 61. Its first and second assignments of error are overruled.
 CONCLUSION {¶ 15} Mr. Kirsch is in privity with Mr. Lallemand and Ibid Power regarding his posting and maintenance of Ibid Power's website. Because Electrical Enlightenment's claims against Mr. Kirsch arise out of the same facts as the claims it settled with Mr. Lallemand and Ibid Power, they are barred under the doctrine of res judicata. Electrical Enlightenment's assignments of error are overruled, and the judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 7 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 SLABY, J., CARR, P. J. CONCUR *Page 1