[Cite as *Stebbins Plumbing & Heating Co. v. Pragalos*, 2013-Ohio-4949.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STEBBINS PLUMBING & HEATING CO.

      Plaintiff-Appellee

v.

ALEX PRAGALOS, ET AL.

      Defendant-Appellant


Appellate Case No.    25701

Trial Court Case No.   2012-CVH-00786

(Civil Appeal from
 Municipal Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 8th day of November, 2013.

. . . . . . . . . . .

SCOTT K. JONES, Atty. Reg. No. 0069859, 7759 University Drive, Suite A, West Chester, Ohio 45069
      Attorney for Plaintiff-Appellee

DOUGLAS CASTEEL, Atty. Reg. No. 0003630, 101 North First Street, Miamisburg, Ohio 45342
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}**     We are first asked to decide whether the trial court erred by failing to apply the doctrine of res judicata when it overruled the Defendants Pragalos' motion for summary judgment. Second, we must determine whether the trial court erred when it granted summary judgment in favor of Plaintiff by rejecting the Defendants' claim of the existence of a genuine issue of material fact.

**{¶ 2}**     As it relates to the defense of res judicata, we find that in circumstances where a shareholder of a closely held corporation is sued in his individual capacity, rather than as a shareholder, and was not bound by or had knowledge of prior litigation against the corporation which was entirely defended by a third party, he is a "stranger" to the prior judgment against the corporation. Under these circumstances, the shareholder, in his individual capacity, lacks privity with the corporate defendant, thereby barring the defense of res judicata.  Even if there was technical privity under the circumstances of this case, fairness and justice would not support the application of res judicata.

## Facts and Procedural History

**{¶ 3}**     Alex Pragalos, or Alex Inc., was in the process of leasing Alex's Restaurant located at 125 Monarch Lane, Miamisburg, Ohio to Tami Blankenbecler. Her brother, Reece Powers, was to manage and operate the restaurant. Alex Pragalos gave permission to Blankenbecler to enter the property prior to signing a lease to begin renovation and modifications in order to open the new restaurant.   Powers began removing kitchen equipment and bringing in new equipment. Affidavit of Roy Rotellini In Support of Summary Judgment, filed Sept. 12, 2012. All alterations and improvements made in preparation for opening of the new restaurant were to be at Reece Powers' expense. Affidavit of Alex Pragalos In Support of Summary

Judgment, filed Sept. 12, 2012.

{¶ 4}     On June 24, 2010, Appellee, Stebbins Plumbing & Heating (Stebbins), provided nine days of plumbing services at Alex's Restaurant at the request of Reece Powers, the restaurant manager. Alex Pragalos did not authorize the work or authorize Powers to act on his behalf or the corporation's behalf. He did not receive a bill or make any payment to Stebbins. *Id.* at Pragalos Affidavit.   When Pragalos was at the restaurant, he was aware that all types of work were being performed, but he never supervised nor was involved in any of it. *Id*.

{¶ 5}     The real property was jointly owned; one half by Defendant Alex Pragalos and one half by the Carmela Pragalos Revocable Living Trust (The Trust). Alex Pragalos was the sole stockholder in Alex Inc.

{¶ 6}     On October 21, 2010, Carmela Pragalos' Estate transferred one-half of the real property to the Trust. On December 29, 2010, Alex Pragalos transferred his one-half interest to the Trust.

{¶ 7}     In the first action, Stebbins filed its complaint against Alex Inc. Stebbins included claims for breach of contract, unjust enrichment, and for an unpaid account. On February 23, 2012, the Miamisburg Municipal Court granted summary judgment against Alex Inc. in the amount of $8,678.16. Stebbins filed a motion to add Alex Pragalos individually as a party. However, the trial court overruled the motion. Alex Pragalos first became aware of the action in February 2012. *Id*. at Pragalos Affidavit.

{¶ 8}     Stebbins subsequently filed an action against Alex Pragalos individually, and as Trustee of the Trust (at times collectively referred to as Pragalos). On February 21, 2013, and by an addendum entry filed on March 14, 2013, Stebbins was granted a second judgment for

$8,678.16 in the Miamisburg Municipal Court for materials and plumbing work done at Alex's Restaurant. The second judgment was against Alex Pragalos, individually, and as Trustee of the Trust on Stebbins' sole claim of unjust enrichment. Appellants, Pragalos, appeal from this judgment.

## LEGAL ANALYSIS

**{¶ 9}** Pragalos raise two issues on appeal: first, whether they should prevail on their motion for summary judgment from application of res judicata; and secondly, whether there is a genuine issue of material fact preventing summary judgment on the issue of unjust enrichment.

## FIRST ASSIGNMENT OF ERROR

**{¶ 10}** Pragalos state their first assignment of error as:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND NOT APPLYING THE DOCTRINE OF RES JUDICATA.

**{¶ 11}** "Simply stated, 'res judicata precludes a party from relitigating issues already decided by a court or raising matters that the party should have brought in a prior action.'" *(Citations omitted). SunTrust Bank v. Wagshul*, 2d Dist. Montgomery No. 25567, 2013-Ohio-3931, ¶ 8.

**{¶ 12}** The parties agree that the two actions share the same subject matter and transaction. Stebbins was granted judgment on the claim of unjust enrichment in both actions. Therefore, application of res judicata turns on whether Pragalos are the same parties or "in privity" with Alex Inc., which was the defendant in the former action.

**{¶ 13}** The half-interest of the real property owned by the Trust that originated from

Carmela Pragalos was clearly not in privity with Alex Inc. Therefore, the judgment against the Trust is valid and enforceable to that extent. Whether Alex Pragalos individually, or the half interest of the real property he assigned to the Trust were in privity with Alex Inc., is a more difficult question.

{¶ 14} We find that under these circumstances Alex Pragalos, individually (and his assigned interest to the Trust), was not the same party and was not "in privity" with Alex Inc., as the term pertains to the law of res judicata. Secondly, even if Alex Pragalos, individually, and the Trust were in privity under these circumstances, we decline to apply the doctrine because "'fairness and justice would not support it.'" (Citations omitted.) *Builders Development Group, LLC v. Smith*, 2d Dist. Montgomery No. 23846, 2010-Ohio-4151, at ¶ 14.

{¶ 15} In *Heartland Fed. Credit Union v. Horton*, 2d Dist. Montgomery No. 25412, 2013-Ohio-2931, we outlined the law of privity pertaining to res judicata:

> In *O'Nesti,* the court noted that "[f]or claim preclusion to apply, the parties to the subsequent suit must either be the same or in privity with the parties to the original suit." (Citation omitted.) *Id.* at ¶ 9. * * *

> Concerning privity, the Court noted:

>> "Privity was formerly found to exist only when a person succeeded to the interest of a party or had the right to control the proceedings or make a defense in the original proceeding. *Whitehead v. Gen. Tel. Co.* , 20 Ohio St.2d 108, 114, 49 O.O.2d 435, 254 N.E.2d 10 (1969), overruled in part on other grounds, *Grava [v. Parkman Twp.* (1995) ], 73 Ohio St.3d 379, 653 N.E.2d 226. An interest in the result of and active participation in the original lawsuit may also establish privity.

*Id.* Individuals who raise identical legal claims and seek identical rather than individually tailored results may be in privity. *Brown v. Dayton* (2000), 89 Ohio St.3d 245, 248, 730 N.E.2d 958. This court has since stated that privity is a somewhat amorphous concept in the context of claim preclusion. *Kirkhart v. Keiper,* 101 Ohio St.3d 377, 2004–Ohio–1496, 805 N.E.2d 1089, ¶ 8, citing *Brown,* 89 Ohio St .3d at 248, 730 N.E.2d 958." *Heartland Fed. Credit Union at* ¶ 20-21, quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 9.

**{¶ 16}** We agree with the trial court that there is an absence of privity between Alex Inc. and Pragalos. We agree with the trial court's finding that there was only privity between Alex Inc. and Alex Pragalos, in his capacity as shareholder, but not individually or as Trustee of the living Trust. The Trust received the real property from Alex Pragalos, Individually, and the estate of his deceased wife, Carmela, rather than Alex Inc.

**{¶ 17}** There is no privity because Pragalos are strangers to the prior litigation. First, they are not bound by the prior judgment. Stebbins has no ability to enforce the earlier judgment against the assets of Pragalos because the judgment is against Alex Inc., a separate corporate entity. Second, Pragalos had no knowledge of and did not actively participate in or direct the defense in the former action. It was entirely defended by Reece Powers in the name of Alex Inc.

**{¶ 18}** Several districts have held that a corporation is in privity with its shareholders, as stated in *Business Data Systems, Inc. v. Gourmet Café Corp.*, 9th Dist. Summit No. 23808, 2008-Ohio-409, ¶ 31. However, the Supreme Court of Ohio has noted that "privity is a somewhat amorphous concept in the context of claim preclusion." *O'Nesti* at ¶ 9, citing *Kirkhart* at ¶ 8 and

*Brown,* 89 Ohio St.3d at 248.

{¶ **19**}   For example, where a principal shareholder of a closely held corporation failed to assert a mandatory counterclaim in the prior action, the Tenth District Court of Appeals noted, "This opinion should not be understood to expand the doctrine of res judicata in all cases involving closely held corporations. Rather, our conclusion is based on the facts in this particular case." *Keeley & Assc., Inc. v. Integrity Supply, Inc.* 120 Ohio App.3d 1, 696 N.E.2d 618, 622 (10th Dist.1997).

{¶ **20**}   We have formerly found that Horton, a vice president and 10% shareholder of a corporation, could not assert res judicata as a defense because he was not in privity with his employer's corporation in the earlier case. We found a lack of mutuality because Horton was not bound by the result of the corporation's prior litigation.   Secondly, Horton did not participate or have any control over the prior litigation. *Heartland Fed. Credit Union,* 2d Dist. Montgomery No. 25412, 2013-Ohio-2931, at ¶ 22.

{¶ **21**}   Pragalos cite a prior case where this court found privity between a corporate Plaintiff-sole LLC shareholder-individual. *Builders Development Group, LLC,* 2d Dist. Montgomery No. 23486, 2010-Ohio-4151. The plaintiff, Mark Herres, filed the case in his own name "d.b.a. Herres Custom Builders." The invoice for the home improvement services was from "Herres Custom Builders, LLC." At trial, Herres testified he was doing business as an LLC and not individually as he alleged in his complaint. As a result, the trial court improperly dismissed the complaint with prejudice. *Id. at ¶ 3.*

{¶ **22**}   Herres brought a second action where he identified himself as the sole officer and/or board member of Builders Development. He indicated that Builders Development is an

Ohio limited-liability company and is not incorporated and not a registered trade name. *Id.* at ¶ 4.

{¶ 23}   Herres argued that a different party brought the second action so res judicata did not apply. We disagreed and stated:

"Here, Builders Development argues that because the named plaintiffs in this case and the First Case are not the same, res judicata cannot bar the present action. Specifically, Builders Development argues that the First Case was brought by Mark Herres, d.b.a. Herres Custom Builders and this case was brought by Builders Development Group, L.L.C., d.b.a. Herres Custom Builders, L.L.C. Further, Builders Development argues that in order to sustain [the] Smiths' Motion for Summary Judgment, this Court must find that Herres is the same as Builders Development. However, Builders Development's argument fails to recognize the law of privity, which requires the courts to look beyond the nominal parties to the substance of the cause to determine the real party interest."

* * *

We note, however, that "[t]he binding effect of res judicata has been held not to apply when fairness and justice would not support it." *State ex. rel. Estate of Miles v. Village of Piketon,* 121 Ohio St.3d 231, 237, 2009-Ohio-786, citing *Davis v. Wal Mart Stores, Inc.*, 93 Ohio St.3d 488, 491, 2001-Ohio-1593; *see also*, *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 25 (recognizing that res judicata "is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice"). (Citation omitted.) *Builders Dev. Group* at ¶ 9 and 14.

{¶ 24}   The many flexible considerations applicable to res judicata are intended to

promote a fair and reasonable result in a wide range of circumstances. Even if there was technical privity regarding the assigned interests of Alex Pragalos individually, under the circumstances of this case "'fairness and justice would not support it.'" (Citations omitted.)  *Id.* at ¶ 14.

**{¶ 25}**   Under the circumstances of this case, Pragalos were strangers to the prior litigation. In their individual and trustee's capacities Pragalos lacked privity with the corporate defendant, thereby preventing the shareholder from asserting the defense of res judicata in his individual or trustee's capacity.

**{¶ 26}**   We agree with the trial court that res judicata does not apply. We overrule Pragalos' first assignment of error.

SECOND ASSIGNMENT OF ERROR

**{¶ 27}**   Pragalos states his second assignment of error:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BASED UPON THE FINDING THAT DEFENDANT FAILED TO SHOW THAT THERE EXISTS A GENUINE ISSUE AS TO ANY MATERIAL FACT.

**{¶ 28}**   The trial court noted in its decision that:

"A successful claim of unjust enrichment requires that: (1) a benefit has been conferred by a plaintiff upon a defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." Summary Judgment Decision, Doc. # 32, p.5 citing *Desai v. Franklin*, 177 Ohio App.3d 679, 2008-Ohio-3957, 895 N.E.2d 875, ¶ 14 (9 th Dist.).

{¶ 29}  We agree with the trial court that there is no genuine issue of material fact whether the Pragalos were unjustly enriched by the value of the services and materials that Stebbins provided.

{¶ 30}   Pragalos direct our attention to two affidavits filed in support of their memorandum in opposition to Stebbins' motion for summary judgment. The affidavit of Alex Pragalos acknowledges that he gave Reece Powers permission to make alterations to the building at Powers' own expense and Pragalos was aware that all types of work were being performed. The affidavit of Ray Rotellini states that when he monitored the post eviction move out in February 2012, he observed Powers removing kitchen equipment and water and gas lines connected thereto. He opined that the real estate is worth less now than it was prior to Reece Powers making the modifications and plumbing. As a realtor and real estate appraiser, he opined that any plumbing work performed on behalf of Reece Powers' restaurant did not enhance the value of the property.

{¶ 31}  The trial court concluded:

This Court finds that Plaintiff has met its burden of proof to prove unjust enrichment. In this case; 1) Stebbins conferred a benefit upon Pragalos in the form of improvements made to the Property which Pragalos was the owner; 2) Pragalos had knowledge of the benefits conferred by Stebbins to the Property; 3) Pragalos retained these benefits, which reasonable minds would only conclude, is unjust to do so without payment rendered to Stebbins for it s services. Doc. # 32, p.6.

{¶ 32} We agree with the trial court that in these circumstances, as owners of the property, Pragalos unjustly benefitted from, and were aware of the improvements. The full

benefits of the improvements were retained by the owners as fixtures of the real property from June 2010 to February 2012. Their agent, Roy Rotellini, monitored the eviction and removal of some of the improvements. The remaining improvements were retained for a longer period. This evidence is undisputed and satisfies Stebbins' burden of proof.

{¶ 33} We overrule Pragalos' second assignment of error.

{¶ 34} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ.,  concur.

Copies mailed to:

Scott K. Jones
Douglas Casteel
Hon. Robert W. Rettich, III