[Cite as *Robinson v. Shank*, 2025-Ohio-2191.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| BRIAN D. ROBINSON | C.A. No. 24CA012170 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD SHANK, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | CASE No. 23CV208966 |

DECISION AND JOURNAL ENTRY

Dated: June 23, 2025

HENSAL, Judge.

{¶1} Brian Robinson appeals a judgment of the Lorain County Court of Common Pleas that granted summary judgment to Richard Shank and Richard Shank Builders, Inc. on his claims of negligence and illegal structuring. For the following reasons, this Court reverses.

I.

{¶2} According to Mr. Robinson, he owns property in Elyria Township that has a building on it that he leases to Robinson Automotive LLC. When Robinson Automotive wanted to make improvements to the building, Mr. Robinson consented to them. Robinson Automotive and/or Mr. Robinson subsequently made an oral contract with Mr. Shank and Shank Builders (collectively "Shank") to make the improvements. According to Mr. Robinson, Shank not only failed to perform the contracted work, but they also caused damage to the building. Mr. Robinson filed a complaint against Shank to recover for the damage. He also filed a claim for illegal

structuring, alleging that he and Robinson Automotive were improperly required to advance funds for the improvements that were supposed to be made to the building.

{¶3} Shank moved for summary judgment, arguing that res judicata barred Mr. Robinson's claims. They noted that Mr. Robinson is the controlling member of Robinson Automotive, owning 70% of it. They also noted that they had filed an action against Robinson Automotive in the small claims division of the Elyria Municipal Court after Robinson Automotive failed to make all the payments required under their agreement. Shank argued that Mr. Robinson was required to bring his claims against them in that action instead of in a separate, subsequent action. The trial court granted the motion for summary judgment, concluding that Mr. Robinson was in privity with Robinson Automotive and that his claims, which were based on the same contract as the earlier case, were barred by res judicata. Mr. Robinson has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DISMISSING PLAINTIFF LANDOWNER'S CASE AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AFTER PLAINTIFF LANDOWNER SUBMITTED SUFFICIENT EVIDENCE TO ESTABLISH A GENUINE ISSUE [OF] MATERIAL FACT EXISTS. THE TRIAL COURT FAILED TO PROPERLY EVALUATE THE MOTION FOR SUMMARY JUDGMENT IN ACCORDANCE WITH THE REQUIRED STANDARDS FOR SUCH EVALUATION; THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS FILED AGAINST THEM BY THE PLAINTIFF. THE TRIAL COURT ERRED WHEN IT FOUND THAT EVEN VIEWING THE FACTS IN A LIGHT MOST FAVORABLE TO THE PLAINTIFF, REASONABLE MINDS CAN COME TO ONE CONCLUSION, THAT CONCLUSION BEING ADVERSE TO THE PLAINTIFF, AND THAT THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS [A] MATTER OF LAW AND THE PLAINTIFF'S CLAIMS ARE BARRED BY RES JUDICATA.

{¶4} In his first assignment of error, Mr. Robinson argues that the trial court incorrectly granted summary judgment to Shank because it determined that his claims are barred under the doctrine of res judicata. Under Rule 56(C), summary judgment is appropriate if:

> [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial[.]" *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶5} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus. The doctrine "encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel.'" *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 2009-Ohio-1704, ¶ 27, quoting *O'Nesti v. DeBartolo Realty Corp.*, 2007-Ohio-1102, ¶ 6. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id.*, quoting *O'Nesti* at ¶ 6. "The previous action is conclusive for all claims that were or that could have been litigated in the first

action." *Id.* "Collateral estoppel (issue preclusion) prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994). It applies "when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Id.*

{¶6} In its decision, the trial court only cited the rule for collateral estoppel. Its reasoning, however, contained elements of both collateral estoppel and claim preclusion. The court determined that the "agreement" was the issue that had already been litigated for collateral estoppel purposes. It also determined that Mr. Robinson was in privity with Robinson Automotive. The court further determined that Mr. Robinson could have brought his claims against Shank as counterclaims in the first action, even if it would have necessitated that the municipal court transfer the case to the common pleas court.

{¶7} Mr. Robinson argues that claim preclusion should not apply to the action involving Robinson Automotive because it is a limited liability company that is a distinct and separate entity from himself. He argues that Robinson Automotive is not the owner of the real property that was damaged by Shank's actions, that he was unaware of the action that Shank filed against Robinson Automotive, that this case does not involve the same parties as that action, and that he could not have litigated his claims in the municipal court where the other action was filed even if he had been involved in that case.

{¶8} Regarding the fact that Robinson Automotive is a distinct legal entity separate from himself, that fact alone is immaterial if Mr. Robinson was in privity with it. *O'Nesti* at ¶ 9. Regarding Mr. Robinson's claim that he did not have a contract with Shank, it is belied by his

insistence in his response to a request for admission that the contract was with him, not Robinson Automotive, because he was the owner of the structure being renovated.

{¶9} Regarding whether Mr. Robinson was in privity with Robinson Automotive, the Ohio Supreme Court has explained that "[w]hat constitutes privity in the context of res judicata is somewhat amorphous." *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000). "A contractual or beneficiary relationship is not required." *Id.* Instead, courts consider whether the relationship between the entities "is close enough to include that other within the res judicata." *Id.*, quoting *Thompson v. Wing*, 70 Ohio St.3d 176, 184 (1994). "[M]utuality of interest, including an identity of desired result, creates privity . . . ." *Id.* The Ohio Supreme Court has also explained, however, that res judicata should not be "so rigidly applied 'when fairness and justice would not support it.'" *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of North America*, 2023-Ohio-3097, ¶ 18, quoting *State ex rel. Estate of Miles v. Piketon*, 2009-Ohio-786, ¶ 30. "Fundamental fairness underlies the determination of privity[.]" *Id.*, quoting *Lucas v. Porter*, 2008 ND 88, ¶ 22.

{¶10} In *Stebbins Plumbing & Heating Co. v. Pragalos*, 2013-Ohio-4949 (2d Dist.), the closely held corporation Alex, Inc., which co-owned a building, leased the building for use as a restaurant. The manager of the restaurant hired Stebbins to provide plumbing services for it. Alex Pragalos was the sole shareholder of Alex, Inc. and did not authorize the work or authorize the restaurant manager or Alex, Inc. to hire Stebbins. Although Mr. Pragalos was sometimes at the restaurant and saw work being performed, he was not involved with the work and did not supervise it. *Id.* at ¶ 4.

{¶11} After Stebbins was not paid for its work, it sued Alex, Inc. for breach of contract and unjust enrichment and was granted summary judgment. Stebbins subsequently sued Mr. Pragalos individually for unjust enrichment and received a judgment. On appeal, Mr. Pragalos

argued that res judicata should have barred the second action. The Second District determined that Mr. Pragalos and Alex, Inc., however, were not in privity. *Id*. at ¶ 14. It explained that Mr. Pragalos was a stranger to the first action and was not bound by it. He also had no knowledge of the first action and did not actively participate in it or direct the defense in the case. *Id*. at ¶ 16. The court also determined that, even if Mr. Pragalos and Alex, Inc. were in privity, fairness and justice would not support applying res judicata to the second action. *Id*. at ¶ 14.

{¶12} Shank's municipal court complaint contained claims for breach of contract, unjust enrichment, and promissory estoppel. Shank requested $6,000 in damages on each claim, and a total of $6,000 in damages. After Robinson Automotive failed to appear, the municipal court awarded a default judgment of $6,000 to Shank, which it did not connect to any specific claim.

{¶13} Mr. Robinson correctly notes that, as a limited liability company, Robinson Automotive is a separate and distinct entity from Mr. Robinson. Members of limited liability companies are not liable for debts of the company solely because they are a member of that company. R.C. 1706.26. Mr. Robinson also averred in an affidavit that he did not know of the prior action against Robinson Automotive, explaining that notice of the action was sent to the company's statutory agent, who did not forward it to him or any other members, directors, or officers of the company. We also note that one of Mr. Robinson's claims alleges that Shank caused damage to the building, which may not relate entirely to the oral contract.

{¶14} Because fundamental fairness underlies a determination of privity, we conclude that, construing the facts in a light most favorable to Mr. Robinson, reasonable minds could come to different conclusions about whether Mr. Robinson is in privity with Robinson Automotive. We note that Mr. Robinson alleges that he did not know of the prior proceeding, did not have a right to control Robinson Automotive's response to the complaint, was unable to raise a defense or

present evidence in that case, and was unable to appeal the municipal court's decision. *See Business Data Sys., Inc. v. Gourmet Cafe Corp.*, 2008-Ohio-409, ¶ 31 (9th Dist.) ("The real issue in determining privity between parties in the context of a res judicata claim is whether the party had a right to control the proceedings, raise a defense, adduce evidence, cross-examine witnesses and appeal the proceedings."). We, therefore, conclude that the trial court incorrectly granted summary judgment to Shank. Mr. Robinson's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF/APPELLANT DUE PROCESS AND IN VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT BY REJECTING HIS CLAIMS AS BEING BARRED BY RES JUDICATA WHEN NO EVIDENCE EXISTS OR HAS BEEN PRODUCED THAT CAN JUSTIFY ITS FINDINGS THAT PLAINTIFF/APPELLANT BRIAN D. ROBINSON PARTICIPATED IN ANY SMALL CLAIMS COURT PROCEEDINGS THAT SERVES AS THE BASIS FOR THE TRIAL COURT'S DECISION. THE TRIAL COURT HAS ERRONEOUSLY DETERMINED THAT $6,000 JUDGMENT ISSUED BY THE SMALL CLAIMS DIVISION OF THE ELYRIA MUNICIPAL COURT DETERMINES AND PRECLUDES ALL CONSIDERATION OF FACTS, AND ADDITIONALLY PRECLUDES APPELLANT FROM ANY OPPORTUNITY TO SEEK RELIEF FOR DAMAGE AND WASTE CAUSED BY APPELLEES AS SET FORTH IN APPELLANT/OWNER BRIAN D. ROBINSON'S COMPLAINT. THE TRIAL COURT VIOLATED DUE PROCESS AS REQUIRED BY DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT AS SHOULD HAVE BEEN RECOGNIZED BY THE TRIAL COURT AS LACKING FROM THE RECORD AND JOURNAL; THE TRIAL COURT THEN IMPROPERLY FOUND AND DETERMINED THAT THE APPELLEES WERE ENTITLED TO JUDGMENT AS A MATTER OF LAW AND THE APPELLANT'S CLAIMS WERE BARRED BY RES JUDICATA. THE TRIAL COURT UNCONSTITUTIONALLY AND IMPROPERLY DENIED APPELLANT HIS DAY IN COURT.

{¶15} In his second assignment, Mr. Robinson argues that the trial court denied his due process rights when it determined that his claims are barred by res judicata, even though he did not have any notice of the proceedings against Robinson Automotive. Considering the resolution

of Mr. Robinson's first assignment of error, we conclude that his second assignment of error is moot. We, therefore, decline to address it. App.R. 12(A)(1)(c).

## III.

**{¶16}** Mr. Robinson's first assignment of error is sustained. His second assignment of error is moot. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed.
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

SUTTON, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶17} Because I think Mr. Robinson is in privity with Robinson Automotive, and further because this matter involves a claim that should have been raised as a compulsory counterclaim in small claims court, I respectfully dissent. *See Grava v. Parkman Twp*., 73 Ohio St.3d 379 (1995), syllabus ("A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.").

APPEARANCES:

ROBERT J. GARGASZ, Attorney at Law, for Appellant.

PATRICK M. ROCHE and KURT D. ANDERSON, Attorneys at Law, for Appellees.